**Paul and Norma KEGGEREIS, Appellants,**

v.

**DALLAS CENTRAL APPRAISAL DISTRICT, et al., Appellees.**

No. 05–87–00573–CV.

Court of Appeals of Texas, Dallas.

March 23, 1988.

Alfred N. Kay, Jr., Dallas, for appellants.

Roy L. Armstrong and Peter G. Smith of Sallinger, Nichols, Jackson, Kirk & Dillard, Dallas, for appellees.

Before STEPHENS, McCLUNG and BAKER, JJ.

BAKER, Justice.

Paul and Norma Keggereis (Taxpayers) appeal from a summary judgment rendered in favor of the Dallas Central Appraisal District and the Appraisal Review Board (the Board). Taxpayers contend that there was an issue of fact as to the Board's failure to permit Taxpayers the opportunity to present evidence at a protest hearing and that this was a denial of due process, thereby enabling them to file suit in the District Court without exhausting the administrative remedies available. We disagree and affirm the trial court's judgment.

Taxpayers are the owners and operators of a private school in Dallas, Texas, known as The Academy. From the time that Taxpayers purchased the Academy in 1978, until 1985, this school had enjoyed a complete exemption from taxation by the Board. In May 1985, Taxpayers received notice from the Board stating that the school did not qualify for tax exempt status as a private school. In June 1985, Taxpayers timely filed a notice of protest with the Board and appeared before the Board for a hearing on June 7, 1985. Taxpayers assert that, at the time the hearing was held, they were not permitted to testify or offer evidence regarding the tax-exempt status of the school. On June 21, 1985, the Board issued an order denying Taxpayers' application for tax exempt status. Taxpayers did not take any further action after receiving this order. In 1986, Taxpayers received notice from the Board of its appraisal of the school for taxation purposes. Prior to receiving this notice, Taxpayers had not filed an application for tax exemption for the 1986 tax year. The Taxpayers filed a notice of appeal with the Board and then filed suit for judicial review of the Board's denial of the 1986 exemption. The Board moved for summary judgment to dismiss the action for want of jurisdiction because Taxpayers had not exhausted their administrative remedies un-

der the Property Tax Code.[1] The trial court granted the summary judgment dismissing the cause. This appeal followed.

Taxpayers assert that their summary judgment evidence establishes a genuine issue of fact on the Board's failure to permit them the opportunity to offer evidence at the June 7, 1985 hearing and that the Board's failure to do so was a denial of due process; consequently, the June 21, 1985 order is void. Thus, they reason, since the 1985 order was void, they were not required to submit an application for exempt status for the tax year 1986; and therefore, the Board's action for 1986 is likewise void. In addition, since the June 21, 1985 order was void, they argue that they did not have to exhaust their administrative remedies as a prerequisite to filing suit in the district court. They maintain that case law permits direct judicial review, regardless of statutory directions, if the Board's action violates some state or federal constitutional provision. They rely on *Firemen's and Policemen's Civil Service Commission v. Kennedy*, 514 S.W.2d 237 (Tex. 1974); *Texas Department of Human Resources v. Silver Threads Co.*, 569 S.W.2d 49 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.); and *Pruitt v. City of Houston*, 548 S.W.2d 90 (Tex.Civ.App.—Houston, [1st Dist.] 1977, no writ).

The Board contends that the Code provides the exclusive remedy for review of its action and that Taxpayers' failure to timely file their notice of appeal and petition for review of the 1985 order is determinative of the Board's action on the 1986 claim for exemption; and consequently, both the 1985 and 1986 claims by Taxpayers are barred.

█ Assuming, but not deciding, that there is a fact issue as to the Board's failure to permit Taxpayers the opportunity to offer evidence of their exemption claim at the June 1985 hearing, resolution of that issue is not dispositive of this appeal. The single issue, as conceded by Taxpayers at oral argument, is whether the Board's fail-

ure to allow them to present evidence denied them due process, thus enabling them to file a direct appeal in the District Court without having to exhaust their available administrative remedies. Normally, where a statute creating an administrative body is silent as to the right of appeal, an inherent right to appeal from an administrative ruling is recognized only when the ruling results in a deprivation of constitutional rights. This is the gravamen of the court's ruling in *Firemen's and Policemen's Civil Service Commission v. Kennedy*, 514 S.W.2d 237, 239 (Tex.1974). Taxpayers contend that because they were denied their right to present evidence in 1985, they were deprived of due process involving a property right; thus, *Kennedy* permits them the right to sue. We disagree.

█ Although it is generally conceded that due process includes reasonable notice and the right to be heard, there is no violation of due process if provision is made for a trial de novo in the district court on the issues passed upon by a board. *Francisco v. Board of Dental Examiners*, 149 S.W.2d 619, 622 (Tex.Civ.App.—Austin 1941, writ ref'd). The Code, enacted by the Legislature in 1979, created Appraisal Review Boards authorized to hear and determine protests by property owners. Section 41.41. Subsequent sections provide for the property owner's notice of the protest, notice of a hearing, a hearing on the protest, and a determination of the protest. *See* sections 41.44–41.47. After an administrative hearing, dissatisfied taxpayers are authorized to appeal to the district court. *See* Sections 42.06 and 42.21. The decision of the Board is then subject to a review by a State district court by trial de novo. *See* section 42.23(a). Due process simply affords a right to be heard before final assessment; it does not detail the review mechanism. Thus, the Code, by its provisions, meets the challenged requirement of due process since Taxpayers have a right to a de novo review in the district court. *See Dallas County Appraisal District v.*

---

1. All statutory references herein are to the Property Tax Code, TEX.TAX CODE ANN. (Vernon 1982).

*Lal,* 701 S.W.2d 44 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Brooks v. Bachus,* 661 S.W.2d 288 (Tex.App.—Eastland 1983, writ ref'd n.r.e.).

It is undisputed that Taxpayers failed to comply with the statutory requirements of chapters 41 and 42. Specifically, Taxpayers did not file a written notice of appeal within fifteen days of receiving the Board's order of June 21, 1985. *See* section 42.06. Nor did they file suit in the district court within forty-five days of receiving the Board's order. *See* section 42.-21. Finally, they did not timely file an application for an exemption for the school for the tax year 1986. *See* section 11.43. The procedures prescribed by the Code are the exclusive means by which property owners may challenge the denial of status of exemption. Section 42.09.

We hold that Taxpayers' failure to comply with the administrative review procedures of the Code constitutes a failure to exhaust administrative remedies and precludes their cause of action in the district court. *Dallas County Appraisal Dist. v. Lal,* 701 S.W.2d at 46; *Brooks v. Bachus,* 661 S.W.2d at 290. Taxpayers' points of error are overruled and the trial court's judgment is affirmed.