**APPRAISAL REVIEW BOARD OF DALLAS CENTRAL APPRAISAL DISTRICT, Appellant**

v.

**O'CONNOR & ASSOCIATES, et al., Appellees.**

No. 05–08–00396–CV.

Court of Appeals of Texas, Dallas.

Jan. 15, 2009.

Amber Leah Slayton, Peter G. Smith, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, TX, for Appellant.

Hugh L. McKenney, McKenney & Associates, P.C., Houston, Tom Thomas, Thomas & Blackwood, LLP, Dallas, TX, for Appellee.

Before Justices MOSELEY, FITZGERALD, and MAZZANT.

## OPINION

Opinion by Justice MOSELEY.

O'Connor & Associates represents property owners in tax appraisal proceedings. It and sixty-seven of its clients—owners of real property in Dallas County—filed a mandamus proceeding below. They sought an order directing the Appraisal Review Board of Dallas Central Appraisal District to provide a "proper" hearing pursuant to section 41.45(f) of the Property Tax Code [1] on the property owners' notices of protest of their property valuations for the 2006 tax year. The Board filed a plea to the jurisdiction, and O'Connor & Associates and the property owners filed a response.

The trial court sustained the plea as to O'Connor & Associates and dismissed its claims, but denied the plea as to the property owners.[2] The Board appealed. See TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon 2008) (providing for interlocutory appeal of denial of plea to jurisdiction); TEX.R.APP. P. 28.1. Appellees did not file a brief.

We reverse that portion of the trial court's order denying the plea to the jurisdiction as to the property owners' claims and dismiss, without prejudice, their

---

1. This section is within title 1 of the tax code entitled "Property Tax Code." See TEX. TAX CODE ANN. § 1.01 (Vernon 2008).

2. The appellee property owners are: 3641 NWH Realco LTD, Alamo Self Stor Ptnrs I, Alamo Self Stor Ptnrs II, Apts Tecali at Cedar Springs Dallas LP, ARTX Corporation, BCGG LLC, Beauvoir LLC, Glen Blanchard, Buchner Apt Ptnrs # 1 LTD, CBV LTD, CBV II LTD c/o Gravlee Commercial, Christian Brothers, Creekwood Place LTD PS II, Crest Mex Corp Etal, First Bank Las Colinas, FPC Bachman Oaks Apts LTD, FPC Broadmoor Apts LTD, Frankford Rd Self Storage Partners, Ft Worth Ave LTD % Bruan Prop Management, Golden Blount Inc, Hartman Reit Operating Partnership LP, Hartman Reit Operating Ptnr III LP, Hodges C Omega III LTD, Hooda Corporation Inc, Houston RE Income Ppties 17 LTD, Houston RE Income Ppties 18 LTD, I Twenty Hospitality LP, IFS Industries Inc, Jackalam, Jackson & Warner, Jakalam Prop LTD, K & M Privett Inc, Kaufman & Gildin RLTY TX, George A & Elanor A Konrad, Lakewood Greens LTD, Lehmann Venture No 1 & Charles Lehmann, Lockbox 2304 JV % Kamco Prop Co, Rita Logan, Salomon & Molly C Ly, Management Solutions Inc, MBF Partners LLC, Motsarika Apartments LLC, Naheed INV Group Inc, Edith Ng, Rafael & Salvador Ortega PTR, Park at Cliff Creek LTD, Permission Town Homes LTD, RHI Amesbury LP, Rutter & Wilbanks Corp, Sam Village LTD PS, Samwon Investments LP, Richard C Simpson & D Michael Foster, Singh Kabul Et Al, SKE Family LTD PS, LTD STE 400, Solar Three Corporation, SRO INV LTD, Sunbelt Self Storage XI LTD, T Trinity LTD, Huyen Ta, The Manors at Valley Ranch, LTD, TMGC LC, Turk Investments LTD LLP, Walnut Hill Plaza LTD, West High Inc, and Westchester Market LTD.

claims for lack of subject matter jurisdiction. On our own motion, we modify that portion of the trial court's order dismissing O'Connor & Associates' claims for lack of jurisdiction to indicate the dismissal is without prejudice. As modified, we affirm the trial court's order dismissing O'Connor & Associates' claims.

## STANDARD OF REVIEW

■ A plea to the jurisdiction is a dilatory plea seeking to defeat a plaintiff's claims, regardless of merit, by challenging the district court's jurisdiction to hear the subject matter of the dispute. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). To prevail, the defendant must show that even if all the plaintiff's pleaded allegations are true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. *Appraisal Review Bd. of Harris County Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 416 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (citing *Brenham Hous. Auth. v. Davies*, 158 S.W.3d 53, 56 (Tex.App.-Houston [14th Dist.] 2005, no pet.)). We review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004).

## APPLICABLE LAW

The legislature bestowed exclusive original jurisdiction in ad valorem tax cases on the appraisal review boards and granted the district courts appellate jurisdiction over appraisal review board orders. *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex.2006) (per curiam); *Appraisal Review Bd. of Harris County Appraisal Dist. v. Spencer Square Ltd.*, 252 S.W.3d 842, 844 (Tex.App.-Houston [14th Dist.] 2008, no pet.). An appraisal review board is authorized to hear and determine pro-

tests by property owners. *See* Tex. Tax Code Ann. § 41.41 (Vernon 2006); *Keggereis v. Dallas Cent. Appraisal Dist.*, 749 S.W.2d 516, 518 (Tex.App.-Dallas 1988, no writ). Subsequent sections of the Property Tax Code provide for the property owner's notice of the protest, notice of and a hearing on the protest, and a determination of the protest. *See* Tex. Tax Code Ann. §§ 41.44-.47; *Keggereis*, 749 S.W.2d at 518. After an administrative hearing, dissatisfied taxpayers are authorized to appeal to the district court. *See* Tex. Tax Code Ann. §§ 42.06, .21; *Keggereis*, 749 S.W.2d at 518. The district court reviews the board's decision by trial de novo. *See* Tex. Tax Code Ann. § 42.23(a); *Keggereis*, 749 S.W.2d at 518.

■ If an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex.2002). Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. *Id.* But because such dismissal does not implicate the claims' merits, the trial court must dismiss the claims without prejudice. *Id.* When exhaustion is required, courts have only limited review of the administrative action. *Id.*

## DISCUSSION

■ The record shows appellee property owners were given the opportunity to appear at a hearing and to testify and present evidence, and that a hearing was held before Panel C2 of the Board on June 22, 2006. The Board denied their protests by written orders. Instead of seeking review of the Board's actions (as set out above), appellee property owners sought a writ of mandamus in the district court to compel the Board to hold a proper hear-

ing, arguing the Board failed to consider all their protests and issues, failed to abide by certain statutory guidelines, and considered evidence not timely provided to them.

In their response to the Board's plea to the jurisdiction, appellee property owners relied on section 41.45(f) as authority for a court to order a hearing. Section 41.45(f) provides:

> A property owner who has been denied a hearing to which the property owner is entitled under this chapter may bring suit against the appraisal review board by filing a petition or application in district court to compel the board to provide the hearing. If the property owner is entitled to the hearing, the court shall order the hearing to be held and may award court costs and reasonable attorney fees to the property owner.

Tex. Tax Code Ann. § 41.45(f).

In its first issue, the Board contends the district court did not have jurisdiction to order the Board to conduct a second hearing. Its argument relies primarily on *Spencer Square Ltd.* In that case, as here, a dissatisfied property owner sought a writ of mandamus, pursuant to section 41.45(f), arguing the court should order the appraisal review board to conduct a hearing complying with the Property Tax Code's provisions. *See Spencer Square Ltd.,* 252 S.W.3d at 843. The court said:

> We decline to read section 41.45(f) as providing an additional avenue to attack an appraisal review board's order. Following its protest hearing, Spencer Square had the opportunity to appeal the Board's order to the district court of trial de novo to remedy any errors committed by the Board.

*Id.* at 845. *See O'Connor & Associates,* 267 S.W.3d at 418 (same). In *O'Connor & Associates,* 267 S.W.3d at 418, the court also noted that

> [a]dopting the Taxpayers' interpretation of section 41.45(f) would allow property owners to circumvent the appeal provisions in chapter 42 and sue in district court simply by alleging the Board failed to adhere to procedural guidelines. Interpreting section 41.45(f) as creating another avenue of appeal to the district court would essentially render the appeal provisions in chapter 42 meaningless.

We adopt the reasoning and conclusion of the Houston Fourteenth Court of Appeals. We resolve the Board's first issue in its favor.

## CONCLUSION

Having resolved the Board's first issue in its favor, we need not address the Board's second issue.[3] We reverse the trial court's order on the Board's plea to the jurisdiction with respect to the sixty-seven property owners listed in footnote 2 and dismiss, without prejudice, their claims for lack of jurisdiction. We modify that portion of the order dismissing O'Connor & Associates to indicate the dismissal is without prejudice. As modified, we affirm the trial court's order dismissing O'Connor & Associates' claims.

---

**3.** In its second issue, the Board asserted that the administrative procedure and judicial remedies for ad valorem protests established by chapter 41 afford property owners due process. *See* Tex.R.App. P. 47.1.