Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★  ★  ★                                          ★  ★  ★

# MEMORANDUM OPINION

No. 04-08-00873-CV

**BEXAR APPRAISAL DISTRICT** and Bexar Appraisal Review Board,
Appellants

v.

**JOHN WILLIAM FINE FURNITURE & INTERIORS, INC.**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-14336
Honorable Andy Mireles, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:          Phylis J. Speedlin, Justice
                 Rebecca Simmons, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:   July 8, 2009

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

      In this interlocutory appeal, Bexar Appraisal District and Bexar Appraisal Review Board

appeal the trial court's denial of their pleas to the jurisdiction.  We affirm in part, and reverse and

render in part.

## BACKGROUND

John William Fine Furniture & Interiors, Inc. ("John William Interiors") filed suit against Bexar Appraisal District ("the District") and Bexar Appraisal Review Board ("the Board"), asserting denial of due process under the Texas Constitution and the Texas Tax Code stemming from an excessive appraisal of inventory for resale. John William Interiors alleged that in conducting protest hearings related to the valuation of John William Interiors' furniture merchandise inventory for the years 2006 and 2008, the District failed to comply with section 41.43 of the Tax Code by erroneously placing the burden of proof on the taxpayer, failing to present any credible evidence, preventing cross-examination, ignoring rules of evidence, and ignoring John William Interiors' evidence. *See* TEX. TAX CODE ANN. § 41.43(a), (a-1) (Vernon 2008) (providing that in protest before appraisal review board, the appraisal district has the burden of establishing the value of the property); *but see id.* § 41.43(d) (Vernon 2008) (providing that burden of proof is on property owner when property owner fails to deliver required document before protest hearing). Because it was "denied its administrative rights and due process during the protest hearing," John William Interiors requested that the trial court "render the [valuation] order that the Board was obligated to render in accordance with the law." John William Interiors also sought injunctive relief by way of a writ of mandamus or court-appointed board of conservators to exercise supervision and control over the operations of the District and the Board "until the Court determines that Personal Property Department of [the District] and [the Board] are able to operate consistently within the requirements of Texas law." Alternatively, John William Interiors suggested the trial court conduct a de novo evidentiary hearing to determine market value according to the provisions of Chapter 42 of the Tax Code. *See* TEX. TAX CODE ANN. §§ 42.01, .21, .23, .25 (Vernon 2008) (providing for judicial review of appraisal review board order).

In response to the lawsuit, and based on the affirmative defense of sovereign immunity, the District and the Board jointly filed a plea to the jurisdiction seeking dismissal of all claims except John William Interiors' request for judicial review of the appraisal review board order. They asserted that the Tax Code does not allow for district court review beyond de novo review of a protest order, and therefore the district court lacked jurisdiction over John William Interiors' non-statutory claims. Additionally, the District filed its "First Amended Plea to the Jurisdiction as to Section 42.25 Claims," in which it acknowledged that the trial court had jurisdiction over the District with respect to the section 42.25 claims, but contended that the Board is immune from John William Interiors' suit and no waiver of immunity exists. *Id*. § 42.25 (Vernon 2008) ("If the court determines that the appraised value of property according to the appraisal roll exceeds the appraised value required by the law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court.").

John William Interiors filed a response to the plea to the jurisdiction, in which it asserted that the unlawful acts of the District and the Board, *i.e.*, shifting the burden of proof in the protest hearing from the appraisal district to the taxpayer, and failing to find for the taxpayers when the only lawful evidence presented in the hearing was presented by John William Interiors, are not protected by sovereign immunity. The trial court denied the joint plea to the jurisdiction and the Board's amended plea to the jurisdiction. The District and the Board now bring this interlocutory appeal.

### STANDARD OF REVIEW – PLEA TO THE JURISDICTION

Standing is a prerequisite to subject matter jurisdiction, and a trial court must have subject matter jurisdiction to decide a case. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553-54 (Tex. 2000). Subject matter jurisdiction may be challenged by a plea to the jurisdiction. *Id.* A trial court

determines a plea to the jurisdiction by reviewing the pleadings in the plaintiff's favor and examining the pleader's intent. *Id.*; *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). To prevail on a plea to the jurisdiction, the defendant must show that even if all the plaintiff's pleaded allegations are true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. *Appraisal Review Bd. of Harris County Appraisal Dist. v. O'Connor & Assocs.,* 267 S.W.3d 413, 416 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We review a trial court's ruling on a plea to the jurisdiction de novo. *See Miranda,* 133 S.W.3d at 226.

## APPLICABLE LAW

The Legislature bestowed exclusive original jurisdiction in ad valorem tax cases on the appraisal review boards and granted the district courts appellate jurisdiction over appraisal review board orders. *Cameron Appraisal Dist. v. Rourk,* 194 S.W.3d 501, 502 (Tex. 2006) (per curiam); *Appraisal Review v. O'Connor & Assocs.*, 275 S.W.3d 643, 645 (Tex. App.—Dallas 2009, no pet.). The Tax Code sets forth administrative procedures for aggrieved property owners to protest their tax liabilities. *See generally* TEX. TAX CODE ANN. ch. 41-42 (Vernon 2008). After an administrative hearing, dissatisfied taxpayers are authorized to appeal to the district court. *See* TEX. TAX CODE ANN. §§ 42.01(1)(A), .06, .21 (Vernon 2008). Review in the district court is by trial de novo. *See id.* § 42.23(a) (Vernon 2008). In determining an appeal, the district court may: (1) fix the appraised property's value, (2) enter orders ensuring equal treatment under the law, or (3) "enter other orders necessary to preserve rights protected by and impose duties required by the law." *Id.* § 42.24 (Vernon 2008). With certain exceptions inapplicable here, the procedures prescribed by the Tax Code are the

exclusive means by which a property owner may adjudicate the grounds of its tax protest. *Id.* § 42.09(a) (Vernon 2008).

## DISCUSSION

On appeal, the District and the Board argue the trial court lacks jurisdiction over John William Interiors' non-statutory claims because 1) as a governmental unit, sovereign immunity insulates the Board and the District from suit and 2) the remedies contained within the Tax Code are exclusive, and therefore John William Interiors cannot request relief beyond that provided in the Tax Code. John William Interiors responds that the District and the Board acted unlawfully by not following its own procedures, and therefore no waiver of immunity is required to sue. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 404 (Tex. 1997), *superseded by statute on other grounds as noted in Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 593 (Tex. 2001) ("A private litigant does not need legislative permission to sue the State for a state official's violations of state law."). Further, John William Interiors argues that its assertion that the District and the Board violated the law is a distinct issue apart from the issue of determining market value.

Governmental immunity, a derivation of the State's sovereign immunity, shields political subdivisions of the State from suit and liability. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). The State retains immunity from suit, without legislative consent, even if its liability is not disputed. *Fed. Sign*, 951 S.W.2d at 405. Immunity from suit bars a suit against the State unless the State expressly gives its consent to the suit. *Id.* The State may grant consent to sue by statute or by legislative resolution. *Id.* A waiver of immunity must be made by clear and unambiguous language. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003). The burden is upon the party suing the political subdivision to establish consent to suit by alleging either a statute or express

legislative consent. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999); *City of Fort Worth v. Pastusek Indus., Inc.* 48 S.W.3d 366, 371 (Tex. App.—Fort Worth 2001, no pet.). We must, therefore, examine John William Interiors' pleadings to determine whether they set out claims for which there is a waiver of immunity.

Aside from its request for a trial de novo pursuant to Chapter 42, John William Interiors asked the district court to: 1) find that it was denied its administrative rights and due process during the protest hearing; 2) enter orders necessary to preserve its rights protected by law and to impose duties required by law on the District and the Board, *i.e.*, to order that the valuation John William Interiors presented at the protest hearing was the correct value based on the only lawful evidence presented at the hearing; and 3) enter other orders necessary to preserve taxpayer rights and enforce duties imposed by law on the District and the Board by issuing a writ of mandamus, or other appropriate orders, including appointing a Master to supervise the actions and practices of the Personal Property Department of the District and the Board until such time as the district court determines they are able to operate within the requirements of the law; and to order "the immediate retraining of all staff members of the Personal Property Department Division of [the District] and the members and supporting staff of [the Board] . . . , and to arrange for annually recurring training to prevent such abuses of the taxpayers of Bexar County in the future, until such time as this Court is convinced such supervision is no longer necessary."

The Tax Code provides that a property owner may appeal an order of the appraisal review board determining a protest by the property owner. TEX. TAX CODE ANN. § 42.01(a) (Vernon 2008). John William Interiors' claims fall outside the remedies provided within Chapter 42 of the Tax Code. The rights, procedures, and remedies set forth in the Tax Code are exclusive, and supersede a property

owner's common law rights and remedies. TEX. TAX CODE ANN. § 42.09 (Vernon 2008); *Gregg County Appraisal Dist. v. Laidlaw Waste Sys., Inc*., 907 S.W.2d 12, 16 (Tex. App.—Tyler 1995, writ denied). Further, persons aggrieved by the action of an administrative agency have no absolute right to challenge the agency's action in court. *See MHCB (USA) Leasing & Finance Corp. v. Galveston Cent. Appraisal Dist. Review Bd.*, 249 S.W.3d 68, 80 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

Moreover, the trial court lacked jurisdiction over John William Interiors' claim of lack of due process. Texas courts have held that, in cases involving taxation, due process is satisfied if a taxpayer is given an opportunity to be heard before an assessment board at some stage of the proceedings. *Sondock v. Harris County Appraisal Dist*., 231 S.W.3d 65, 70 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Accordingly, the Tax Code provides for due process since taxpayers have a right to a de novo review in the district court. *See Keggereis v. Dallas Cent. Appraisal Dist*., 749 S.W.2d 516, 518-19 (Tex. App.—Dallas 1988, no writ). The trial court likewise lacked jurisdiction over John William Interiors' claim for mandamus relief. *See O'Connor & Assocs*., 267 S.W.3d at 418 (holding that mandamus is inappropriate when party is afforded trial de novo on appeal). Accordingly, we conclude the trial court erred in denying the District's and the Board's joint plea to the jurisdiction as to John William Interiors' non-statutory claims.

John William Interiors argues, however, that the Legislature did provide a limited waiver of immunity by way of section 42.24(3), which permits the district court, in determining an appeal, to "enter other orders necessary to preserve rights protected by and impose duties required by the law." TEX. TAX CODE ANN. § 42.24(3) (Vernon 2008). John William Interiors asserts that this provision of the Tax Code gives the district court the broad power to correct the violations that it has accused

the District and the Board of committing. The District and the Board respond that section 42.24(3) specifically applies to a district court's determination of an "appeal," and the Tax Code does not provide for an appeal beyond a claim for excessive or unequal appraisal. *See* TEX. TAX CODE ANN. §§ 42.25-.26 (Vernon 2008). Because we have already concluded that the Tax Code does not give John William Interiors the right to appeal its non-statutory claims, we disagree that section 42.24(3) permits the district court to fashion orders addressing the denial of due process or to provide mandamus or injunctive relief.

Finally, the Board argues the trial court erred in denying its "First Amended Plea to the Jurisdiction as to Section 42.25 Claims" because no waiver of sovereign immunity exists as to those claims against the Board. Section 42.21 of the Tax Code provides that "[a] petition for review is not required to be brought against the appraisal review board, but may be brought against the appraisal review board in addition to any other party, if appropriate." TEX. TAX CODE ANN. § 42.21(b) (Vernon 2008). The Board contends that this is not a situation in which it is "appropriate" to add the Board as a party. *See*, *e.g.*, TEX. TAX CODE ANN. § 41.45(f) (Vernon 2008) (providing that property owner may bring suit against appraisal review board if property owner has been denied a hearing to which it is entitled). John William Interiors does not respond to this argument, and fails to direct us to any authority stating that this is an instance where it is appropriate to add the Board as a party. Further, John William Interiors' pleadings allege a failure to properly conduct the protest hearing, not that it was denied a hearing to which it was entitled. We agree with the Board that, under these pleadings, it is not a necessary party to the appeal, and therefore the trial court erred in denying the Board's amended plea to the jurisdiction.

## CONCLUSION

We affirm the portion of the trial court's order denying the District's and the Board's joint plea to the jurisdiction as to John William Interiors' claim of excessive value pursuant to section 42.25 of the Tax Code. The remainder of the trial court's order denying the joint plea to the jurisdiction is reversed, and judgment is rendered that those claims are dismissed for lack of subject matter jurisdiction. The portion of the trial court's order denying the Board's "First Amended Plea to the Jurisdiction as to Section 42.25 Claims" is also reversed, and judgment is rendered dismissing the Board as a party to the lawsuit.

Phylis J. Speedlin, Justice