

# NUMBER 13-09-00211-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PARRA FURNITURE & APPLIANCE CENTER, INC.,        Appellant,

v.

CAMERON APPRAISAL DISTRICT AND
CAMERON APPRAISAL REVIEW BOARD,                Appellees.

On appeal from the 197th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez**

Appellant, Parra Furniture & Appliance Center, Inc. ("Parra Furniture"), brings this accelerated interlocutory appeal from the trial court's order granting a plea to the jurisdiction filed by appellees, the Cameron Appraisal District ("the District") and the Cameron Appraisal Review Board ("the Board"). In its sole issue, Parra Furniture contends

that the district court has jurisdiction to hear this case pursuant to constitutional and statutory authority. We affirm.

## I. BACKGROUND

In 2006, Parra Furniture filed a protest of its 2006 property tax appraisal with the Board. The Board held a hearing; however, dissatisfied with the Board's result and the associated proceedings, Parra Furniture filed suit against appellees in district court. Parra Furniture alleged that the District "failed to follow the professional appraisal practices required by law to determine the Market Value of the Property" and "presented no evidence supporting it[]s flawed 'appraisals.'" Additionally, Parra Furniture alleged that during the protest hearing the Board "ignored the provisions of the Texas and U.S. Constitutions, and the [Texas Tax] Code" and "denied [Parra Furniture] due process of law . . . and, in violation of Section 41.43(a) of the [Texas Tax] Code, failed to afford [Parra Furniture] the relief to which it was entitled." *See* TEX. TAX CODE ANN. § 41.43(a) (Vernon 2008) (providing that "the appraisal district has the burden of establishing the value of the property by a preponderance of the evidence presented at the hearing. If the appraisal district fails to meet that standard, the protest shall be determined in favor of the property owner."). Parra Furniture requested that the district court "order that [Parra Furniture's] rendered valuation of its inventory for January 1, 2006 was the correct value . . . ." Parra Furniture also sought injunctive relief by writ of mandamus or a court-appointed board of conservators "to exercise supervision and control over the operations of the [District and the Board] until the Court determines that the Personal Property Department of [the District] and [the Board] are able to operate consistently within the requirements of Texas law . . . ." Alternatively, Parra Furniture requested that the district court conduct a de novo hearing pursuant to chapter 42 of the tax code to determine that the District's appraisal

2

value was excessive.  *See id.* § 42.23 (Vernon 2008).

The District and the Board jointly filed a plea to the jurisdiction, moving to dismiss Parra Furniture's constitutional and due process claims by asserting the affirmative defense of sovereign immunity and arguing that the tax code does not provide for the constitutional and due process remedies that Parra Furniture seeks.  The trial court granted the District and the Board's plea to the jurisdiction, dismissing Parra Furniture's "constitutional and/or due process claims" for lack of jurisdiction.[1]  Parra Furniture now brings this accelerated interlocutory appeal.  *See* Tex. R. App. P. 28.1; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008) (permitting an appeal from an interlocutory order granting or denying a plea to the jurisdiction filed by a governmental unit), § 101.001(3) (Vernon 2005).

## II. Standard of Review

A trial court's jurisdiction to hear the subject matter of a dispute may be challenged by filing a plea to the jurisdiction.  *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).  Whether a trial court has subject-matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions of law that we review de novo.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).  In our review, we construe the pleadings liberally in favor of the pleader and look to the pleader's intent to determine whether the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the cause.  *See id.*  In a review of a plea to the jurisdiction, we do not examine the merits of the case.  *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) ("In deciding a plea to the jurisdiction, a court may

---

[1] Parra Furniture's request that the district court conduct a de novo hearing pursuant to chapter 42 of the tax code to determine whether the District's valuation was excessive was not dismissed by the plea to the jurisdiction and remains before the court below.

3

not weigh the claims' merits but must consider only the plaintiffs' pleadings and evidence pertinent to the jurisdictional inquiry.").

## III. APPLICABLE LAW

District courts are courts of general jurisdiction that have jurisdiction over all actions, proceedings and remedies "except in cases where exclusive, appellate, or original jurisdiction may be conferred by [the Texas] Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. The Texas Tax Code bestows exclusive original jurisdiction in ad valorem tax cases on appraisal review boards. *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006). After receiving a final, appealable order by the appraisal review board, a property owner may seek judicial review of that order in district court. *See* TEX. TAX CODE ANN. § 42.21 (Vernon Supp. 2009). District courts review appraisal board decisions by trial de novo. *See id.* § 42.23(a); *Appraisal Review Bd. of Dallas Cent. Appraisal Dist. v. O'Connor & Assocs.*, 275 S.W.3d 643, 645 (Tex. App.–Dallas 2009, no pet.). The tax code provides that a district court may: (1) fix the appraised property's value; (2) enter orders ensuring equal treatment under the law; or (3) "enter other orders necessary to preserve rights protected by and impose duties required by the law." TEX. TAX CODE ANN. § 42.24 (Vernon 2008).

## IV. ANALYSIS

On appeal, Parra Furniture contends that the trial court erred in granting appellees' plea to the jurisdiction because (1) "unlawful acts are not protected by sovereign immunity," and (2) section 42.24(3) of the tax code allows district courts to "enter other orders necessary to preserve rights protected by and impose duties required by the law." *See id.* In response, appellees assert that they are immune from suit and that de novo review cures all errors that may have occurred below. In addition, appellees request that we

4

sanction Parra Furniture for filing a frivolous appeal.

"'[N]o state can be sued in her own courts without her consent, and then only in the manner indicated by that consent.'" *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006) (quoting *Hosner v. DeYoung*, 1 Tex. 764 (1847)). Moreover, "persons aggrieved by the action of an administrative agency . . . have no absolute right to challenge that agency's action in court." *MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist. Review Bd.*, 249 S.W.3d 68, 80 (Tex. App.–Houston [1st Dist.] 2007, pet. denied).

As governmental units, the District and the Board are entitled to the protections of sovereign immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3) (defining a "governmental unit" to include "a political subdivision of this state" and the "state and all the several agencies of government that collectively constitute the government of this state . . . and any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution"); Tex. Tax Code Ann. § 6.01(c) (Vernon 2008) (providing that an appraisal district is a political subdivision of the state); *see also Tex. Tech Univ. Health Scis. Ctr. v. Ward*, 280 S.W.3d 345, 348 (Tex. App.–Amarillo 2008, pet. denied) (noting that governmental units are entitled to the protections of sovereign immunity). Governmental immunity, which is derived from the State's sovereign immunity, shields political subdivisions of the State from suit and liability. *See Tooke*, 197 S.W.3d at 331-32. Governmental immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Jones*, 8 S.W.3d at 638.

Immunity from suit bars an action against the state unless the state expressly consents to the suit. *Id.* The party suing the political subdivision must establish consent to suit by alleging either a statute or express legislative consent. *See id.* "Legislative

5

consent to waive sovereign immunity by statute must be by 'clear and unambiguous language.'" *Tex. Dep't of Transp. v. York*, 284 S.W.3d 844, 846 (Tex. 2009) (quoting TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2009)). Moreover, "when construing a statute that purportedly waives sovereign immunity, we generally resolve ambiguities by retaining immunity." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003). Absent consent, a trial court lacks subject-matter jurisdiction. *Jones*, 8 S.W.3d at 638. We, therefore, examine Parra Furniture's pleadings to determine whether it set out claims for which there is a waiver of immunity. *See id.*; *see also Bexar Appraisal Dist. v. John William Fine Furniture & Interiors, Inc.*, No. 04-08-00873-CV, 2009 WL 1956385, at **3-4 (Tex. App.–San Antonio July 8, 2009, pet. denied) (mem. op.) (holding that sovereign immunity insulated Bexar Appraisal District and Bexar Appraisal Review Board from suit where property owner's claims fell outside the remedies provided within chapter 42 of the tax code).

The tax code provides the exclusive rights, procedures, and remedies for aggrieved property owners in the context of ad valorem property appraisal. *See* TEX. TAX CODE ANN. § 42.09 (Vernon 2008); *Rourk*, 194 S.W.3d at 502. The tax code provides that a property owner may appeal an appraisal review board's order determining a protest by the property owner to district court. *See* TEX. TAX CODE ANN. § 42.01 (Vernon 2008). The tax code further provides that the district court's review is to be conducted de novo. *See id.* § 42.23. Although the tax code provides de novo review as a remedy for the statutory claim of valuation, the tax code does not expressly grant the district court with the authority to order relief of the non-statutory claims asserted by Parra Furniture. *See id.* § 42.01; *see also John William Fine Furniture & Interiors, Inc.*, 2009 WL 1956385, at **3-4. Accordingly, Parra Furniture's claims regarding the actions of the District and the Board fall outside the

6

remedies provided within chapter 42 of the tax code and are thus barred by immunity.

Parra Furniture also argues that section 42.24(3) of the tax code, which states that a district court may "enter other orders necessary to preserve rights protected by and impose duties required by the law," *see* TEX. TAX CODE ANN. § 42.24(3), provides a limited waiver of immunity and "gives the trial court broad power to correct the kinds of violations of law that are the basis of the Appellant's claims." We find this argument to be without merit. Section 42.24 applies to the determination of an appeal, and the tax code provides only for appeals concerning valuation. *See id.* §§ 42.25-.26 (Vernon 2008). The plea to the jurisdiction did not dismiss Parra Furniture's statutory valuation claim; instead, it dismissed only Parra Furniture's non-statutory claims. Because the tax code does not give Parra Furniture the right to appeal its non-statutory claims, Parra Furniture's argument that section 42.24(3) permits the district court to fashion orders addressing the denial of due process or to provide mandamus or injunctive relief is incongruous. Accordingly, we conclude that section 42.24(3) does not provide a limited waiver of immunity.[2] Based on the foregoing, we cannot conclude that the trial court abused its discretion in granting appellees' plea to the jurisdiction. Accordingly, Parra Furniture's sole issue is overruled.

Finally, appellees ask us to sanction Parra Furniture for bringing what they contend is a frivolous appeal. The determination whether to grant appellate sanctions for filing a frivolous appeal is within the discretion of the reviewing court. *See* TEX. R. APP. P. 45 ("If

___

[2] Furthermore, we note that sister courts have held that in cases involving taxation, due process is satisfied if a taxpayer is given an opportunity to be heard before an assessment board at some stage of the proceedings. *See Sondock v. Harris County Appraisal Dist.*, 231 S.W.3d 65, 70 (Tex. App.–Houston [14th Dist.] 2007, no pet.); *Denton Cent. Appraisal Dist. v. CIT Leasing Corp.*, 115 S.W.3d 261, 266 (Tex. App.–Fort Worth 2003, pet. denied); *see also Bexar Appraisal Dist. v. John William Fine Furniture & Interiors, Inc.*, No. 04-08-00873-CV, 2009 WL 1956385, at *4 (Tex. App.–San Antonio July 8, 2009, pet. denied) (mem. op.). By affording the right of de novo review of appraisal boards' orders, the tax code provides taxpayers with due process. Because the district court's grant of the District and the Board's plea to the jurisdiction did not deny Parra Furniture a de novo review of the protest hearing, Parra Furniture's due process argument is unfounded. Moreover, Parra Furniture's claim for mandamus relief "is not appropriate when a party is afforded a trial de novo on appeal." *Appraisal Review Bd. of Harris County Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 418 (Tex. App.–Houston [14th Dist.] 2008, no pet.).

the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages.").  Although Parra Furniture was unsuccessful on appeal, we conclude, after reviewing the record and the briefs on file, that the appeal was not frivolous.  Accordingly, we decline to impose sanctions.

**V. CONCLUSION**

The judgment of the trial court is affirmed.

_____

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
25th day of February, 2010.