Affirmed and Memorandum Opinion filed March 25, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00650-CV

___________________

 

ROBERT W. LAMBERTZ, Appellant

 

V.

 

JIM ROBINSON AND OLIVER ESCH,
Appellees



 



 

On
Appeal from the 333rd District Court

Harris County,
Texas



Trial Court Cause No. 2008-67424A

 



 

 

MEMORANDUM OPINION

            Robert Lambertz appeals from an order granting
appellees’ plea to the jurisdiction.  Appellant appealed the decision of the
Harris County Appraisal Review Board concerning the appraised value of an
apartment complex he owns.  In his original petition, appellant complained that
he was not permitted to present evidence at the hearing and he suffered
mistreatment by the Board.  Appellant alleged a claim against appellees under
42 U.S.C. § 1983 asserting the Board’s mistreatment and failure to permit him
the opportunity to present evidence was a denial of due process.  Appellant
alleged appellees denied his due process rights by failing to properly train
and supervise members of the Appraisal Review Board.

            Appellees
filed a plea to the jurisdiction seeking dismissal of appellant’s federal and
state law damage claims.  At the hearing on appellees’ plea, appellant filed an
amended original petition.  At the conclusion of the hearing, the trial court
directed appellees to file an amended plea to the jurisdiction in response to
appellant’s amended petition.  In their amended plea, appellees argued, among
other things, that even if appellant stated a cause of action for violation of
his due process rights arising out of a failure to train and supervise, the
provisions of the Tax Code that provide for an appeal of the Board’s decision
satisfy appellant’s due process rights.  The trial court granted appellees’
plea and severed this cause of action from the appeal of the appraisal award. 
In twelve issues, appellant argues the trial court erred in granting appellees’
plea and dismissing his causes of action under 42 U.S.C. § 1983.

            A
plea to the jurisdiction contests the trial court’s authority to determine the
subject matter of the cause of action.  Harris County v. Cypress Forest
Public Utility Dist. of Harris County, 50 S.W.3d 551, 552 (Tex.
App.—Houston [14th Dist.] 2001, no pet.).  Whether the trial court has subject
matter jurisdiction is a question of law that we review de novo.  C.L.
Westbrook, Jr. v. Penley, 231 S.W.3d 389, 394 (Tex. 2007).  The plaintiff
has the burden to plead facts affirmatively demonstrating the trial court has
jurisdiction.  See State v. Holland, 221 S.W.3d 639, 642–43 (Tex. 2007).
 A plea to the jurisdiction is a dilatory plea intended to defeat a cause of
action without regard to the merits of the asserted claims.  Bland Indep.
School Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).

            The
district courts are courts of general jurisdiction and have jurisdiction over
all actions, proceedings and remedies except in cases where exclusive,
appellate, or original jurisdiction may be conferred by the Texas Constitution
or other law on some other court, tribunal, or administrative body.  Tex.
Const. Art. V, § 8.  An agency has exclusive jurisdiction when a pervasive
regulatory scheme indicates that the Legislature intended for the regulatory
process to be the exclusive means of remedying the problem to which the
regulation is addressed.  In re Entergy Corp., 142 S.W.3d 316, 322 (Tex.
2004).  In the Tax Code, the Legislature bestowed exclusive original
jurisdiction in ad valorem tax cases on the appraisal review boards and granted
the district courts appellate jurisdiction over appraisal review board orders.  See
Tex. Tax Code Ann. §§ 41.45, 42.21 (Vernon 2001); see also Cameron Appraisal
Dist. v. Rourk, 194 S.W.3d 501, 502 (Tex. 2006) (holding appraisal review
boards have exclusive original jurisdiction over property tax protests).

            Here, appellant filed an appeal in the district
court of the Board’s decision on the appraisal of his property pursuant to chapter
42 of the Tax Code.  Although due process includes reasonable notice and the
right to be heard, there is no violation of due process if provision is made
for a trial de novo in the district court on the issues passed upon by the
Board.  See Keggereis v. Dallas Central Appraisal Dist., 749 S.W.2d 516,
518 (Tex. App.—Dallas 1988, no writ).  When the
Legislature enacted the pertinent provisions of Tax Code, it devised a specific
regulatory scheme where a property owner may informally present evidence to an
appraisal review board to protest the district’s valuation of real property. See
Tex. Tax Code Ann. § 41.45.  Further, in Chapter 42, the Legislature provided a
specific appellate process for review of board orders.  See Tex. Tax
Code Ann. §§ 42.21, 42.23, 42.28.  Due process affords a right to be heard
before final assessment; it does not detail the review mechanism.  Keggereis,
749 S.W.2d at 518.  The Tax Code meets the requirement of due process because
appellant has a right to a de novo review in the district court.  See
Appraisal Review Bd. of Harris County Appraisal Dist. v. Spencer Square Ltd.,
252 S.W.3d 842, 844 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding
that district court does not have jurisdiction to order an appraisal review
board to conduct a new hearing because statute permits de novo review in
district court).

            It is undisputed
that appellant is entitled to de novo review of the Board’s determination in
the district court.  Appellant filed that action, and is entitled to present
evidence at a trial de novo in the underlying action.  Because the Tax Code
meets the requirement of due process, we conclude the trial court correctly
granted appellees’ plea to the jurisdiction.  Appellant’s twelve issues are
overruled.[1]

            The judgment of
the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown. 

 









[1] On March 10, 2010,
appellant filed a “Motion/Brief asking the 14th Court Justices to Cease and
Desist Their Ongoing Denial of Due Process of Law to Appellant.”  Inasmuch as
appellant’s motion urges the same arguments urged in his appeal, the
motion/brief is taken with the case and denied pursuant to this opinion.