The APPRAISAL REVIEW BOARD
OF HARRIS COUNTY APPRAISAL
DISTRICT, Appellant

v.

SPENCER SQUARE LTD as the Prop-
erty Owners and the Property
Owners, Appellees.

No. 14–07–00567–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 29, 2008.

Tammy Yolanda White–Chaffer, Robert P. McConnell, Houston, for appellants.

Hugh L. McKenney, Houston, for appellees.

Panel consists of JUSTICES FOWLER, FROST, and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

In this dispute over property tax valuation, appellees, Spencer Square Ltd as the Property Owners and the Property Owners ("Spencer Square"), sought a writ of mandamus in the district court ordering appellant, The Appraisal Board of Harris County Appraisal Review District ("the Board"), to conduct a second protest hearing. The Board appeals from the district court's denial of its plea to the jurisdiction. In two issues, the Board contends (1) the district court is without subject matter jurisdiction to order the Board to conduct a second protest hearing, and (2) the district court has no jurisdiction to review appraisal review board hearings under section 41.45(f) of the Texas Tax Code. We reverse the trial court's order denying the Board's plea to the jurisdiction and render judgment dismissing Spencer Square's Petition for Appraisal Review Board Hearing for want of subject matter jurisdiction.

## I. BACKGROUND

For the 2005 tax year, the Harris County Appraisal District appraised Spencer Square's, property at $2,369,350. Spencer Square's tax agent timely filed a protest. The Board conducted a hearing on Spencer Square's protest on July 8, 2005.

At the protest hearing, both Spencer Square and the Harris County Appraisal District appeared before a three member panel of the Board. Both parties offered evidence regarding the value of Spencer Square's property. The Board entered its written order on July 27, 2005, reducing the property's appraised value from $2,369,350 to $1,882,000.

Spencer Square did not file a petition for review of the order. However, on June 9, 2006, almost one year later, Spencer Square sought a writ of mandamus in the district court to order the Board to conduct a new protest hearing. Spencer Square contended it did not receive a hearing in compliance with the Tax Code. The Board filed a plea to the jurisdiction, which the district court denied. This interlocutory appeal followed.

## II. ANALYSIS

The issue presented is whether section 41.45(f) of the Texas Tax Code grants the district court subject matter jurisdiction to order the Board to conduct a second protest hearing.

Subject matter jurisdiction is essential to a court's authority to act. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993). Whether the trial court has subject matter jurisdiction is a question of law that we review de novo. *C.L. Westbrook, Jr. v. Penley*, 231 S.W.3d 389, 394 (Tex.2007). The plaintiff has the burden to plead facts affirmatively demonstrating the trial court has jurisdiction. *See State v. Holland*, 221 S.W.3d 639, 642–43 (Tex.2007). A plea to the jurisdiction is a dilatory plea intended to defeat a cause of action without regard to the merits of the asserted claims. *Bland Indep. School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). In deciding a plea to the jurisdiction, we may not consider the merits of the cause of action. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We are confined to the allegations in the plaintiff's pleadings and the evidence pertinent to the jurisdictional question. *Id.*

The district courts are courts of general jurisdiction and have jurisdiction over all actions, proceedings and remedies "except in cases where exclusive, appellate, or original jurisdiction may be conferred by [the Texas] Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. Art. V, § 8. An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the Legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex.2004). The Tax Code is a classic example of a pervasive regulatory scheme evidencing a legislative intent to vest the responsible agency with exclusive jurisdiction. *See Jim Wells County v. El Paso Prod. Oil & Gas Co.*, 189 S.W.3d 861, 871 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). The Legislature bestowed exclusive original jurisdiction in ad valorem tax cases on the appraisal review boards and granted the district courts appellate jurisdiction over appraisal review board orders. *See* Tex. Tax Code Ann §§ 41.45, 42.21 (Vernon 2008); *see also Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (holding appraisal review boards have exclusive original jurisdiction over property tax protests).

Spencer Square argues that it does not seek judicial review of the Board's actions but only seeks a hearing to which it was entitled under the Tax Code. Spencer Square contends the district court has jurisdiction to order an appraisal review board to conduct a new hearing under Section 41.45(f) of the Texas Tax Code. Section 41.45(f) provides, in pertinent part:

> A property owner who has been denied a hearing to which the property owner is entitled ... may bring suit against the appraisal review board by filing a petition or application in district court to compel the board to provide the hearing. If the property owner is entitled to the hearing, the court shall order the hearing to be held. . . .

Tex. Tax.Code Ann. § 41.45(f). Spencer Square argues that we should construe this language to mean district courts may order an appraisal review board to conduct a new hearing whenever the appraisal review board fails to comply with procedural guidelines contained in the Tax Code. Spencer Square further argues that property owners could be deprived of the informal procedures and burdens of proof the Legislature adopted for property tax valu-

ation proceedings if we decline to adopt its interpretation of the statute.

■ However, we conclude Spencer Square's interpretation of section 41.45(f) does not comport with the procedures the Legislature adopted for review of appraisal review board orders. To be entitled to a hearing and determination of a protest, the property owner initiating the protest must file a written notice of the protest with the appraisal review board in accordance with the procedural requirements set out in the Tax Code. *See* Tex. Tax Code Ann. § 41.44(a) (Vernon 2008). Upon the filing of a notice of protest, the appraisal review board is required to schedule a hearing on the protest. *See* Tex. Tax.Code Ann. § 41.45(a). Section 41.45(f) grants jurisdiction to the district courts to compel appraisal review boards to provide a hearing if the appraisal review board denied the property owner a hearing to which he was entitled, i.e. a protest hearing in front of the appraisal review board after the property owner filed a written notice of protest in compliance with the Tax Code. *See* Tex. Tax Code Ann. § 41.45(f); *see generally Nev. Gold & Silver, Inc. v. Andrews Indep. School Dist.*, 225 S.W.3d 68, 75–76 (Tex.App.-El Paso, 2005, no pet.) (setting forth protest procedure and appellate process). If the property owner is dissatisfied by the determination of the appraisal review board following the protest hearing, the property owner is then entitled to judicial review under Chapter 42 of the Tax Code-a trial de novo in the district court further appealable as any civil case. *See* Tex. Tax Code Ann. §§ 42.01, 42.21, 42.23, 42.28 (Vernon 2008).

■ Trial de novo is generally defined as a new trial on the entire case, on both questions of fact and issues of law, conducted as if there had been no trial in the first instance. *See Lamar County Appraisal Dist. v. Campbell Soup Co.*, 93 S.W.3d 642, 645 (Tex.App.-Texarkana 2002, no pet.) (citing BLACK's LAW DICTIONARY 1512 (7th ed.1999)). As a general rule, a trial de novo cures all procedural errors from the proceedings below. *Id.* The general rule pertaining to trial de novo is applicable to review of appraisal review board orders. *See id.* at 645–46.

When the Legislature enacted the pertinent provisions of Tax Code, it devised a specific regulatory scheme whereby a property owner may informally present evidence to an appraisal review board to protest the district's valuation of real property. *See* Tex. Tax Code Ann. § 41.45. Further, in Chapter 42, the Legislature provided a specific appellate process for review of board orders. *See* Tex. Tax Code Ann. §§ 42.21, 42.23, 42.28.

We decline to read section 41.45(f) as providing an additional avenue to attack an appraisal review board's order. Following its protest hearing, Spencer Square had the opportunity to appeal the Board's order to the district court for trial de novo to remedy any errors committed by the Board. Apparently, Spencer Square chose not to avail itself of its appellate options. Having forgone such an appeal, Spencer Square missed its opportunity to contest the Board's order. Section 41.45(f) grants the district courts authority to compel appraisal review boards to conduct a protest hearing if the appraisal review board denied the property owner a hearing to which he was entitled. Section 41.45(f) does not grant the district courts authority to compel appraisal review boards to conduct additional protest hearings. Spencer Square may not now utilize section 41.45(f) to circumvent the appellate process mandated by the Tax Code. Therefore, the district court has no subject matter jurisdiction to order a second appraisal review board hearing.

Accordingly, we sustain the Board's two issues. We reverse the trial court's order denying the Board's plea to the jurisdiction and render judgment dismissing Spencer Square's Petition for Appraisal Review Board Hearing for want of subject matter jurisdiction.