The APPRAISAL REVIEW BOARD OF HARRIS COUNTY APPRAISAL DISTRICT and Robert Cunningham, Former Chairman, Appellants,

v.

O'CONNOR & ASSOCIATES, Wolverine Crosby LP, E Pointe Properties I Ltd, Baker–Orr Joint Venture, and J. Frederick Welling, Appellees.

No. 14–07–00354–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 19, 2008.

Robert P. McConnell, Houston, TX, for appellants.

Hugh L. McKenney, Houston, TX, for appellees.

Panel consists of Justices YATES, ANDERSON, and BROWN.

## OPINION

LESLIE B. YATES, Justice.

Appellants, the Appraisal Review Board of Harris County Appraisal District (the Board) and former chairman of the Board Robert Cunningham, appeal the trial court's denial of their plea to the jurisdiction. We conclude that because appellees, O'Connor & Associates, Wolverine Crosby Green LP, E Pointe Properties I Ltd., Baker–Orr Joint Venture, and J. Frederick Welling, failed to exhaust their administrative remedies before filing suit, the district court lacked subject matter jurisdiction over this dispute. We reverse the trial court's judgment and render judgment dismissing the case for lack of subject matter jurisdiction.

### I.   Factual and Procedural Background

O'Connor & Associates originally filed suit against Harris County Appraisal District (HCAD), chief appraiser Jim Robinson, the Board, and Cunningham seeking mandamus, injunctive, and declaratory relief. O'Connor alleged the appellants were violating procedures outlined in the Tax Code for conducting property tax appraisal protest hearings. O'Connor claimed that, contrary to the Tax Code, the Board was postponing hearings, refusing to consider property owners' evidence, considering evidence that HCAD had not produced to property owners, determining protests in favor of HCAD even when HCAD presented insufficient or no evidence, and issuing only one order to resolve claims contesting both the appraised value and unequal appraisal of the property.

In response, the defendants filed a plea to the jurisdiction asserting that because O'Connor had not exhausted its administrative remedies as required by the Tax Code, the district court lacked subject matter jurisdiction to hear O'Connor's claims. The day before the hearing on the defendants' plea to the jurisdiction, O'Connor filed a first amended petition, adding plaintiffs Wolverine Crosby Green LP, E

Pointe Properties I Ltd., Baker–Orr Joint Venture, and J. Frederick Welling (collectively the "Taxpayers"). The petition also alleged that the plaintiffs had either already filed or would likely file protests of the appraised value of their property for the 2005 tax year and that proper hearings in accordance with chapter 41 of the Tax Code were either untimely held or not held at all.

The trial court denied the plea to the jurisdiction as to O'Connor's claims in the original petition only; on appeal, this court dismissed the issue as moot. *See Harris County Appraisal Dist. v. O'Connor & Assocs.*, No. 14–06–00098–CV, 2006 WL 3072079, at *3 (Tex.App.–Houston [14th Dist.] Oct. 31, 2006, no pet.).[1] The case returned to the trial court, and after a second hearing on the defendants' plea to the jurisdiction, the trial court granted the plea as to HCAD and Robinson and denied the plea as to the Board and Cunningham. Now before us on the second appeal in this matter, the Board and Cunningham (collectively the "Taxing Authorities") argue in two issues that the district court erred in denying their plea to the jurisdiction because the court lacked subject matter jurisdiction and because appellees lack standing.

## II. Subject Matter Jurisdiction

A plea to the jurisdiction is a dilatory plea seeking to defeat a plaintiff's claims, regardless of merit, by challenging the district court's jurisdiction to hear the subject matter of the dispute. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). To prevail, the defendant must show that even if all the plaintiff's pleaded allegations are true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. *Brenham Hous. Auth. v. Davies*, 158 S.W.3d 53, 56 (Tex.App.–Houston [14th Dist.] 2005, no pet.). We review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction to hear the cause. *Id.* We construe the pleadings liberally and look to the pleader's intent. *Id.*

Trial courts are courts of general jurisdiction, and they are presumed to have subject matter jurisdiction unless a contrary showing is made, such as when the legislature bestows exclusive original jurisdiction on an administrative body. *See* Tex. Const. art. V, § 8; *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex.2002). An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *Subaru*, 84 S.W.3d at 221. Typically if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *Id.* Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. *Id.*

The Tax Code is a classic example of a pervasive regulatory scheme, evi-

---

1. O'Connor's original petition was not a live pleading at the time of the trial court's ruling. *Harris County Appraisal Dist.*, 2006 WL 3072079, at *3. Therefore, we concluded that any action this court took on the merits of the appeal would not affect the rights of the parties because the parties could still challenge the trial court's jurisdiction based on the causes of action in the amended petition. *Id.*

dencing a legislative intent to vest the appraisal review boards with exclusive jurisdiction. *See Jim Wells County v. El Paso Prod. Oil & Gas Co.*, 189 S.W.3d 861, 871 (Tex.App.–Houston [1st Dist.] 2006, pet. denied). The Tax Code sets forth administrative procedures for aggrieved property owners to protest their tax liabilities. *See generally* TEX. TAX CODE ANN. ch. 41–42 (Vernon 2008). A property owner may protest to the Board the appraised value of the owner's property, the inclusion of the property on the appraisal records, a failure by the chief appraiser or the Board to provide the property owner with any notice to which the owner is entitled, and any other action by the chief appraiser, appraisal district, or Board that applies to and adversely affects the property owner. *Id.* §§ 41.41(a)(1), (3), (9), 41.411(a). The Board must schedule a hearing on the property owner's protest. *Id.* § 41.45(a). The Tax Code specifies how the Board is to conduct appraisal hearings and includes provisions for the taking of evidence and the burden of proof. *Id.* §§ 41.43, 41.66–.67. A property owner may bring suit in district court against the appraisal district and the Board (1) after the owner has been denied a hearing to which the owner is entitled or (2) to appeal an order by the Board determining the owner's protest. *Id.* §§ 41.45(f), 42.01(1)(A). Review in the district court is by trial de novo, and the district court may enter any order necessary to preserve rights protected by and impose duties required by the law. *Id.* §§ 42.23(a), 42.24(3). Therefore, the Board has exclusive jurisdiction over property tax disputes, and property owners generally must exhaust their administrative remedies before seeking judicial review. *See MAG–T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 624 (Tex. App.–Austin 2005, pet. denied).

■ In their first issue, the Taxing Authorities argue that the trial court erred in denying their plea to the jurisdiction because chapter 41 of the Tax Code is a pervasive regulatory scheme, vesting the Board with exclusive original jurisdiction over tax appraisal protests. The Taxing Authorities claim that before bringing suit in district court, the Taxpayers were required to exhaust their administrative remedies by obtaining an appraisal protest hearing before the Board and then appealing the order from the hearing in the manner dictated by chapter 42 of the Tax Code. The Taxpayers concede that generally a property owner must exhaust his administrative remedies before proceeding to judicial appeal in the district court. However, the Taxpayers argue that even though they did not complete the administrative process, the district court still has subject matter jurisdiction to hear their claims because (1) section 41.45(f) of the Tax Code allows the district court to compel the Board to hold a hearing, (2) article V, section 8 of the Texas Constitution gives the district courts mandamus power to compel public officials to perform non-discretionary acts, and (3) judicial interference in an administrative scheme is permissible when the agency is acting outside its statutorily conferred powers.

Section 41.45(f) states that the district court may compel the Board to hold a hearing when a property owner has been denied a hearing to which he is entitled. TEX. TAX CODE ANN. § 41.45(f). The Taxpayers contend that the hearing to which a property owner is entitled under section 41.45(f) is one conducted according to the law and ending with a proper order. According to the Taxpayers, because the Board is failing to conduct hearings in accordance with the procedures outlined in the Tax Code, section 41.45(f) gives the district court jurisdiction over their claims.

We disagree with this interpretation of section 41.45(f).

When interpreting a statute, we view a statute's terms in context, and our objective is to determine and give effect to the legislature's intent. *See* Tex. Gov't Code Ann. § 312.005 (Vernon 2005); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998). Moreover, we presume that the legislature would not do a useless act. *See Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex.1990). Chapter 42 provides an administrative remedy to property owners who claim they did not receive a properly conducted hearing by allowing the property owner to obtain de novo review by timely filing suit in district court. Tex. Tax Code Ann. §§ 42.01(1)(A), 42.21(a), 42.23(a). Adopting the Taxpayers' interpretation of section 41.45(f) would allow property owners to circumvent the appeal provisions in chapter 42 and sue in district court simply by alleging the Board failed to adhere to procedural guidelines. Interpreting section 41.45(f) as creating another avenue of appeal to the district court would essentially render the appeal provisions in chapter 42 meaningless. We hold that on the facts of this case, section 41.45(f) does not provide a basis for the district court to exercise subject matter jurisdiction. *See also Appraisal Review Bd. of Harris County Appraisal Dist. v. Spencer Square Ltd*, 252 S.W.3d 842, 845 (Tex.App.–Houston [14th Dist.] 2008, no pet.) (declining to read section 41.45(f) as providing an additional avenue to attack appraisal review board orders).

■ The Taxpayers also assert that jurisdiction is appropriate because the Texas Constitution empowers trial courts to issue writs of mandamus to compel public officials to perform ministerial acts. Tex. Const. art V, § 8 ("District court

judges shall have the power to issue writs necessary to enforce their jurisdiction."). A mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law and when there is no other adequate remedy at law. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994). Mandamus is not appropriate when a party is afforded a trial de novo on appeal. *See Grimm v. Garner*, 589 S.W.2d 955, 956–57 (Tex.1979) (holding right to appeal and obtain trial de novo provided adequate remedy at law); *Blasingame v. Krueger*, 800 S.W.2d 391, 394 (Tex.App.–Houston [14th Dist.] 1990, no pet.) (concluding mandamus was not appropriate because relators had adequate remedy at law by virtue of trial de novo). The Tax Code provides for de novo judicial review in the district court upon appeal of a Board's order determining a protest. *See* Tex. Tax Code Ann. § 42.23(a). We conclude that judicial appeal in this case provides an adequate remedy at law; therefore mandamus is not appropriate.

■ Finally, the Taxpayers contend that the exception to the exhaustion of administrative remedies doctrine, which applies when an agency acts outside its statutory authority, applies in the instant case because the Taxing Authorities are acting outside their statutory authority. The Taxpayers claim this excuses them from having to exhaust their administrative remedies and allows them to appeal directly to the district court. The Taxing Authorities respond that the exception does not apply because the Taxpayers failed to allege actions by the Taxing Authorities that are completely outside their jurisdiction. We agree.

■ The general rule in Texas is that courts do not interfere with the statutorily conferred duties and functions of an administrative agency. *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d

780, 785 (Tex.1978). However, courts may intervene in administrative proceedings when an agency exercises authority beyond its statutorily conferred powers. *Id.* This exception to the exhaustion of administrative remedies doctrine is a variation of the rule that where the administrative agency lacks jurisdiction, a trial court may intercede before administrative remedies are exhausted. *See City of Houston v. Williams,* 99 S.W.3d 709, 717 (Tex.App.–Houston [14th Dist.] 2003, no pet.). "In such a case, the purposes underlying the exhaustion of remedies rule are not applicable, judicial and administrative efficacy are not served, and agency polices and expertise are irrelevant if the agency's final action will be a nullity." *MAG–T, L.P.,* 161 S.W.3d at 625. However, the mere claim that an administrative agency acted ultra vires does not authorize litigation before administrative remedies are exhausted, nor does failure to perfectly comply with all of the intricacies of the administrative process necessarily constitute extra-jurisdictional action by an agency. *See City of Houston,* 99 S.W.3d at 717; *Friends of Canyon Lake, Inc. v. Guadalupe–Blanco River Auth.,* 96 S.W.3d 519, 528 (Tex.App.–Austin 2002, pet. denied).

In *Friends of Canyon Lake,* an environmental group alleged that the Texas Natural Resource Conservation Commission (TNRCC) and the local river authority had failed to correctly follow all the requirements of the water rights permit application process. 96 S.W.3d at 528. The plaintiff environmental group argued that this failure of compliance had resulted in the TNRCC acting outside its statutory authority, and therefore the group was excused from exhausting its administrative remedies. *Id.* The court held that for this exception to apply, the environmental group was required to allege that the agency had acted wholly outside its jurisdiction, not merely that it had failed

to meet certain statutory procedural requirements. *Id.* The instant case presents a similar situation. The Taxpayers do not allege that the Taxing Authorities are acting wholly outside the Tax Code provisions. Instead, they claim that the manner in which the hearings are being conducted does not fully comply with the procedural requirements of the Tax Code. Accordingly, we conclude the "acting outside statutory authority" exception does not apply in this case. *See City of Houston,* 99 S.W.3d at 717; *Friends of Canyon Lake, Inc.,* 96 S.W.3d at 528.

### III. Conclusion

The Tax Code is a pervasive regulatory scheme, vesting the Board with exclusive original jurisdiction over property tax appraisals. Accordingly, the Taxpayers were required to exhaust their administrative remedies. Because they failed to do so, we conclude the district court lacked subject matter jurisdiction to hear the causes of action raised in the first amended petition. We sustain the Taxing Authorities' first issue. Having done so, we need not address the Taxing Authorities' second issue concerning standing.

We reverse the district court's order denying the plea to the jurisdiction as to the Board and Robinson and render judgment dismissing the causes of action raised by the Taxpayers for want of subject matter jurisdiction.