Affirmed and Memorandum Opinion filed June 3, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00006-CV

___________________

 

Hotel Corporation International,
Appellant

 

V.

 

Harris County Appraisal District,
Appellee



 



 

On
Appeal from the 152nd District Court

Harris County,
Texas



Trial Court Cause No. 2007-76096

 



 

 

MEMORANDUM OPINION

In this case arising from 2006 tax
appraisals of real property and business personal property, appellant Hotel
Corporation International (“Hotel Corp.”) appeals from the district court’s
order dismissing its suit against appellee Harris County Appraisal District (“HCAD”). 
We conclude that Hotel Corp.’s failure to pay property taxes before the
statutory delinquency date resulted in a forfeiture of its right to a final
determination of its appeals.  We therefore affirm.

 

I.  Background

The underlying tax dispute involves both real
property and business personal property.  The real property is known as the
Days Inn Greenspoint and is located at 12500 North Freeway, Houston, Texas. 
The taxable business personal property, also owned by Hotel Corp., is located
at the same address.  

In the 2006 tax year, HCAD appraised the value of the
real property at $3,403,000, and valued the business personal property at
$166,646.  Hotel Corp. filed protests to both valuations but then failed to
appear at scheduled hearings.  The record does not reflect Hotel Corp. paid any
portion of its property taxes by February 1, 2007, the “delinquency date” for
the payment of 2006 taxes.

Instead, appellant requested “correction” of both
appraisals.  As to the real property, however, Hotel Corp. again failed to show
for the hearing on its request for a correction.  It did appear at the
correction hearing as to the business personal property, and HCAD in fact
reduced the appraised value to $88,000, roughly half of the original
assessment.

Hotel Corp. sued HCAD in
district court, requesting (1) a declaration the real property be valued at not
more than $1,833,354 and the business personal property, not more than $40,000,
(2) an order compelling administrative hearings, and (3) damages and attorney’s
fees.[1] 
HCAD responded with a general denial and subsequently filed a plea to the
jurisdiction and motion for dismissal.  It argued Hotel Corp. was “not entitled
to any of the relief sought because it (a) failed to exhaust the administrative
remedies, (b) failed to comply with timely tax payment requirements, and (c)
prematurely filed this suit as it pertains to the correction order on the
business personal property.”  The district court granted HCAD’s plea and motion
and dismissed the cause against HCAD.

II. Discussion

In its sole issue on appeal, Hotel Corp. contends the
trial court had jurisdiction under section 41.45(f) of the Texas Property Code
because appellant timely protested the appraisals and requested correction of
the estimated values.  HCAD responds with the three arguments it presented in
its plea and motion in the trial court, relying first on its argument that Hotel
Corp. forfeited all its claims because it did not pay any taxes on the real
property or business personal property before the delinquency date.

After setting forth the standard of review, we
consider the ramifications of Hotel Corp.’s not having paid any property taxes
before the delinquency date.  We then consider Hotel Corp.’s argument that,
under section 41.45(f), it was entitled to bring suit in district court to
obtain an order compelling the appraisal board to hold hearings.

A.  Standard
of Review

This court reviews a trial court’s ruling on a plea to the jurisdiction
de novo.  Tex. Dep’t of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 228 (Tex. 2004).  A defendant’s jurisdictional plea may challenge
either the plaintiff’s pleadings or the existence of jurisdictional facts.  See
id. at 226–28.  When, as here, the defendant challenges the existence of
jurisdictional facts, the court must consider the relevant evidence submitted
by the parties.  See id. at 227.  If that evidence raises a fact issue
as to jurisdiction, the court must deny the defendant’s plea because the trier of fact must resolve the issue.  See
id. at 227–28.  However, if the relevant evidence is undisputed or fails to
present a jurisdictional fact issue, the court should grant the plea as a
matter of law.  Id. at 228.  In reviewing the evidence, this court must assume
the truth of all evidence favoring the nonmovant, in this case, Hotel Corp.  See
id.

B.  Application
of the Texas Property Tax Code

The Property Tax Code provides detailed
administrative procedures for property owners who contest their property
taxes.  Cameron Appraisal Dist. v. Rourk, 194 S.W.3d 501, 502 (Tex.
2006).  These remedial procedures are, with a few exceptions, exclusive and
jurisdictional.  See id.; see also Tex. Tax Code Ann. § 42.09(a)
(Vernon 2008). 

Property Tax Code section 42.01 grants property owners
a right to judicial review of an appraisal review board’s decisions.  That
section provides in relevant part:  “A property owner is entitled to appeal . .
. an order of the appraisal review board determining:  (A) a protest by the
property owner as provided by Subchapter C of Chapter 41; or (B) a
determination of an appraisal review board on a motion filed under Section
25.25.”  Tex. Tax Code Ann. § 42.01(1) (Vernon 2008).[2]  Thus, authorization
for judicial review of the appraisal board’s decisions on both protests and
correction motions is found in chapter 42.  To be entitled to, and to exercise,
the right of appeal from determinations of valuation, property owners must
follow the procedures prescribed by the Property Tax Code because those
procedures are the exclusive means for judicial review.  Ferguson v.
Chillicothe Indep. Sch. Dist., 798 S.W.2d 395, 397 (Tex. App.—Amarillo
1990, writ denied).

No timely payment.  Under chapter 42, a
property owner forfeits its right to judicial review by not timely paying at
least a portion of its taxes.  Property Tax Code section 42.08(b) provides
that, with an exception not applicable here, “a property owner who appeals as
provided by this chapter must pay taxes on the property subject to the appeal
in the amount required by this subsection before the delinquency date or the
property owner forfeits the right to proceed to a final determination of the
appeal.”  Tex. Tax Code Ann. § 42.08(b) (Vernon Supp. 2009).  To comply, the
property owner must pay “the lesser of (1) the amount of taxes due on the
portion of the taxable value of the property that is not in dispute; or (2) the
amount of taxes due on the property under the order from which the appeal is
taken.”  Id.  

The delinquency date for 2006 property taxes was
February 1, 2007.  See id. § 31.02(a) (Vernon 2008).  Hotel Corp. does
not contend it paid any taxes on either the real property or the business
personal property before that date.  Instead, the earliest tax receipts
appearing in the record reflect payment of real property taxes in June and July
2007 and payment of business personal property taxes in July 2007.  Thus, under
the governing statute, Hotel Corp. forfeited its right to final determination
of its appeal, and the district court correctly dismissed Hotel Corp.’s causes
of action.  See Gen. Motors Acceptance Corp. v. Harris County Mun. Util.
Dist. # 130, 899 S.W.2d 821, 824 (Tex. App.—Houston [14th Dist.] 1995, no
writ) (interpreting prior version of section 42.08 and stating, “Because GMAC
failed to follow the administrative procedures of section 42.08 [i.e., pay
required taxes before delinquency date], the trial court properly dismissed
appellant’s cause of action.”);[3]
Eggert v. Comanche Cent. Appraisal Dist., No. 11-05-00416-CV, 2007 WL
3026716, at *3 (Tex. App.—Eastland Oct. 18, 2007, no pet.) (per curiam) (mem.
op.) (holding property owner did not substantially comply with section 42.08
provisions because she paid no taxes before delinquency date; accordingly,
trial court did not err in dismissing appeal for lack of jurisdiction).[4]

Right to a hearing under section 41.15. 
Hotel Corp. does not address the ramifications of its not having paid any
taxes by the delinquency date.  Instead, it complains that, with regard to its
two protests and one of its motions for correction, the appraisal review board
dismissed without holding a hearing.  In arguing the trial court should have
compelled the board to hold hearings, Hotel Corp. relies on Property Tax Code
section 41.45(f), which provides:

A property owner who has been
denied a hearing to which the property owner is entitled under this chapter may
bring suit against the appraisal review board by filing a petition or
application in district court to compel the board to provide the hearing.  If
the property owner is entitled to the hearing, the court shall order the
hearing to be held and may award court costs and reasonable attorney fees to
the property owner.

Tex. Tax Code Ann. § 41.45(f)
(Vernon Supp. 2009).  We decline to adopt Hotel Corp.’s section 41.45(f)
argument for two reasons.

            First, section
41.45(f) applies when a property owner “has been denied a hearing.”  The record
in the present case, however, indicates the appraisal review board scheduled
hearings, but Hotel Corp. did not appear.  The board did not deny Hotel Corp. a
hearing.  Thus, on its face, section 41.45(f) is inapplicable to the procedural
facts here, and Hotel Corp. cites no authority suggesting an appraisal board
must continue to endlessly schedule protest hearings despite the owner’s
failure to attend.

Second, this court has previously rejected a party’s
reliance on section 41.45(f) as a means of creating a new avenue of judicial appeal
in tax protest cases.  See Appraisal Review Bd. of Harris County
Appraisal Dist. v. O’Connor & Assocs., 267 S.W.3d 413, 417–18 (Tex.
App.—Houston [14th Dist.] 2008, no pet.); Appraisal Review Bd. of Harris
County Appraisal Dist. v. Spencer Square Ltd., 252 S.W.3d 842, 844–45 (Tex.
App.—Houston [14th Dist.] 2008, no pet.).  In O’Connor, the property
owners filed suit in district court alleging various taxing entities were
violating procedures outlined in the Property Tax Code for conducting property
tax appraisal protest hearings.  O’Connor, 267 S.W.3d at 415.  They
sought mandamus, injunctive, and declaratory relief.  Id.  The taxing
entities filed a plea to the jurisdiction, and the trial court ultimately denied
the plea in relation to two of the entities, who then appealed.  Id. at
416.

In this court the property owners argued, inter
alia, that (1) “even though they did not complete the administrative
process, the district court still [had] subject matter jurisdiction to hear
their claims because . . . section 41.45(f) of the Tax Code allows the district
court to compel the Board to hold a hearing”; and (2) “because the Board [was]
failing to conduct hearings in accordance with the procedures outlined in the
Tax Code, section 41.45(f) [gave] the district court jurisdiction over their
claims.”  Id. at 417.  This court responded:

Adopting the Taxpayers’ interpretation of section 41.45(f)
would allow property owners to circumvent the appeal provisions in chapter 42
and sue in district court simply by alleging the Board failed to adhere to
procedural guidelines.  Interpreting section 41.45(f) as creating another
avenue of appeal to the district court would essentially render the appeal
provisions in chapter 42 meaningless. 

Id. at 418.

In Spencer Square, the board did conduct a
hearing on the property owner’s protest and issued a written order reducing the
property’s appraised value.  Spencer Square, 252 S.W.3d at 843.  The
property owner did not file a petition for review of the order.  Id. 
Subsequently, however, the owner filed suit in district court, alleging the
board failed to comply with procedural guidelines outlined in the Tax Code.  Id.
 The owner sought a writ of mandamus pursuant to section 41.45(f) compelling
the board to conduct a second hearing.  Id. at 843–44.  The board filed
a plea to the jurisdiction, arguing the trial court lacked jurisdiction under
section 41.45(f) because the board had conducted a hearing.  See id. at
844.  The owner contended the trial court had jurisdiction under section
41.45(f) because it merely sought the hearing to which it was entitled.  Id.

This court held the trial court erred by denying the
board’s plea to the jurisdiction.  See id. at 844–46.  We stated section
41.45(f) grants district courts jurisdiction to compel an appraisal review
board to conduct a hearing if it denied a hearing after the property owner
filed a notice of protest complying with the Tax Code.  Id. at 845.  We
also observed that a petition for judicial review under chapter 42 is the
process the Property Tax Code prescribes for an owner to appeal an appraisal
board’s order and to complain about procedural errors the board committed.  Id.
 The property owner, however, had not timely filed a petition for judicial
review.  See id. at 843, 845.  We concluded section 41.45(f) did not
provide an additional avenue for attacking the board’s order and could not be
used to circumvent the appeal process prescribed by chapter 42. Id. at
845.  We therefore held the trial court lacked jurisdiction under section
41.45(f) to order a second board hearing.  Id.

In O’Connor, the property owners attempted to
circumvent the chapter 42 appeal process by going directly to district court
without filing a protest with the board.  In Spencer Square, the
property owner attempted to circumvent the chapter 42 appeal process by not
petitioning the district court for review of the board’s order.  In the present
case, Hotel Corp. attempts to circumvent the chapter 42 process by not
appearing at scheduled hearings, having its protests and motion for correction
dismissed as a result, and then complaining it was “denied” a hearing.  As in O’Connor
and Spencer Square, we decline to adopt the property owner’s
interpretation to provide an additional avenue for attacking the board’s
action.

For the preceding reasons, we overrule Hotel Corp.’s
single issue.  We therefore affirm the order of the trial court.

 

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Justices Frost, Boyce, and Sullivan.









[1] In its original petition,
Hotel Corp. named only HCAD as a defendant and sought only declaratory judgment
on the appraised value of the property.  In its first amended original
petition, Hotel Corp. added HCAD’s Appraisal Review Board as a defendant and added
a claim based on alleged denial of hearings under Property Tax Code section
41.45(f). See Tex. Tax Code Ann. § 41.45(f) (Vernon Supp. 2009). 
According to HCAD, the Appraisal Review Board was not served and is not a party
to the present appeal.





[2] Additionally, Property
Tax Code section 25.25(g) grants a
property owner the right to sue in district court:  “Within 45 days after
receiving notice of the appraisal review board’s determination of a motion
under this section, the property owner or the chief appraiser may file suit to
compel the board to order a change in the appraisal roll as required by this
section.”  Tex. Tax Code Ann. § 25.25(g) (Vernon 2008). 





[3] In General Motors
Acceptance Corp., the utility district filed only a motion to dismiss and
not a plea to the jurisdiction.  See Gen. Motors Acceptance Corp. v.
Harris County Mun. Util. Dist. # 130, 899 S.W.2d 821, 822 (Tex.
App.—Houston [14th Dist.] 1995, no writ).  This court noted that filing a plea
to the jurisdiction “might be a better practice.”  Id. at 824 n.3.





[4] By not timely paying any
taxes, Hotel Corp. also forfeited its right to final administrative
determination of its motions for correction.  See Tex. Tax Code Ann. §
25.25(e) (Vernon 2008) (“A property owner who files the motion must comply with
the payment requirements of Section 42.08 or forfeit the right to a final
determination of the motion.”).