**Affirmed in Part, Reversed in Part, Remanded, and Majority and Concurring Opinions filed October 15, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00334-CV

---

## FORT BEND CENTRAL APPRAISAL DISTRICT, Appellant

## V.

## MCGEE CHAPEL BAPTIST CHURCH, Appellee

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 17-DCV-241463**

---

## M A J O R I T Y   O P I N I O N

In this interlocutory appeal in a tax-exemption dispute, appellant Fort Bend Central Appraisal District (the "District") appeals from the denial of its plea to the jurisdiction. The District raises three issues. First, the District contends that the trial court erred because appellee McGee Chapel Baptist Church did not exhaust its administrative remedies regarding one of two protests at issue. We sustain this issue because McGee Chapel did not obtain an appraisal review board ("ARB") order

regarding that protest before seeking judicial review. Second, the District argues that jurisdiction is lacking because the ARB is the only proper defendant in this lawsuit, but McGee Chapel non-suited its claims against the ARB. We reject this argument as it applies to McGee Chapel's second protest because McGee Chapel obtained a final ARB order on that protest, a trial court has subject-matter jurisdiction to review such an order, and the applicable statute requires the District be named as the defendant. Therefore, the trial court could have determined that jurisdiction exists to review the ARB's order on McGee Chapel's second protest. Third, the District says that the trial court may have relied on an inapplicable statute to deny the plea. We likewise overrule this issue because, assuming the District is correct that the statute in question does not apply, subject-matter jurisdiction exists for alternative reasons, as explained.

As more fully detailed below, we affirm the trial court's order denying the District's jurisdictional plea on McGee Chapel's suit for judicial review of one protest, we reverse the trial court's order as to the other protest, and we remand to the trial court for further proceedings consistent with this opinion.

## Background

In November 2016, the District notified McGee Chapel that its religious exemption for certain real property located in Fort Bend County (the "Property"),[1] had been removed for tax years 2012, 2013, 2014, 2015, and 2016. McGee Chapel timely protested the District's decision to remove the Property's tax exemption. We refer to this protest as the "Exemption Protest." The Fort Bend ARB scheduled a hearing on the Exemption Protest for February 23, 2017 (the "Exemption Protest

---

[1] The property is described more specifically in the record as Fort Bend Central Appraisal District "Property ID 0158-00-000-2900-907," "0158 D A CONNER, ACRES 9.5760 OUT OF 11.76 ACRE TRACT."

Hearing"). The record contains five documents purporting to be written notices of the Exemption Protest Hearing (one notice for each tax year), all of which are addressed to McGee Chapel's counsel and dated February 1, 2017. All five notices identify the date of the Exemption Protest Hearing as February 23, 2017. McGee Chapel's counsel disputes receiving any of the notices.

The Exemption Protest Hearing occurred on February 23, 2017, but neither McGee Chapel nor its counsel appeared.

McGee Chapel alleges (and the District does not dispute) that it filed another protest with the ARB to establish that it did not receive notice of the Exemption Protest Hearing. *See* Tex. Tax Code § 41.411(a) (property owner may protest failure of ARB "to provide or deliver any notice to which the property owner is entitled"). We refer to this protest as McGee Chapel's "Section 41.411 Protest." The ARB scheduled a hearing on the Section 41.411 Protest for March 30, 2017, (the "Section 41.411 Protest Hearing") and notified both McGee Chapel and its counsel of the March 30 hearing date. In advance of the hearing, as permitted, McGee Chapel's counsel filed an affidavit, which stated that counsel did not receive notice of the Exemption Protest Hearing by mail or otherwise, that McGee Chapel did not receive notice of the Exemption Protest Hearing by mail,[2] and that counsel did not learn of the Exemption Protest Hearing until after the hearing date passed and then only informally from a church member. Additionally, McGee Chapel's counsel filed affidavits from numerous church members, a church deacon, and a church pastor, all of whom averred that the Property was used for religious activities by the elderly and youth of McGee Chapel.

---

[2] The record does not contain any notices addressed to McGee Chapel.

3

McGee Chapel's counsel appeared at the Section 41.411 Protest Hearing. Three weeks later, the ARB notified McGee Chapel and its counsel that, after reviewing the protest, the ARB had determined that, according to its records, notice of the Exemption Protest Hearing was "mailed to you and properly delivered" pursuant to Tax Code section 1.07(c).[3] Thus, the ARB denied McGee Chapel's Section 41.411 Protest and therefore did not determine McGee Chapel's Exemption Protest. *See id.* § 41.411(b) (ARB "shall determine a protest made by the property owner" only if failure to provide or deliver notice is established).

McGee Chapel filed suit against the District and the ARB. In its petition, McGee Chapel sought judicial review of both its Exemption Protest and its Section 41.411 Protest. McGee Chapel requested the court to reinstate its tax exemption on the Property because, McGee Chapel alleged, the ARB wrongly denied its Section 41.411 Protest that it failed to receive notice of the Exemption Protest Hearing, and McGee Chapel presented substantial evidence to prove its entitlement to the tax exemption.

The ARB filed an answer and asserted a plea to the jurisdiction based on Tax Code section 42.21(b), which provides that "a petition for review may not be brought against the appraisal review board." Tex. Tax Code § 42.21(b). McGee Chapel later non-suited its claims against the ARB, and the ARB is not a party to this appeal.

The District filed a general denial and a plea to the jurisdiction. In the jurisdictional plea, the District asserted that McGee Chapel did not exhaust administrative remedies regarding the Exemption Protest because it did not obtain a final ARB order from which to appeal the exemption issue.

---

[3] *See* Tex. Tax Code § 1.07(c) ("A notice permitted to be delivered by first-class mail by this section is presumed delivered when it is deposited in the mail. This presumption is rebuttable when evidence of failure to receive notice is provided.").

McGee Chapel filed a response, in which it argued, among other things, that subject-matter jurisdiction existed at least over the ARB's order denying the Section 41.411 Protest because that protest was timely, and McGee Chapel obtained an ARB order determining the protest.

The trial court heard the District's plea to the jurisdiction on October 30, 2018, and January 22, 2019. After the second hearing, both the District and McGee Chapel filed supplemental briefs. In the District's supplemental brief, the District expanded its argument that McGee Chapel had failed to exhaust administrative remedies as to the Exemption Protest. Separately, the District asserted that the court lacked jurisdiction over all claims because McGee Chapel had non-suited its claims against the ARB, which, according to the District, was the only necessary party authorized to grant the relief requested.

In McGee Chapel's supplemental brief, it reiterated that the court possessed subject-matter jurisdiction over the ARB's order denying its Section 41.411 Protest on the notice issue. Further, McGee Chapel argued that the District is the proper defendant under section 42.21(b), which requires that a petition for judicial review must be brought against an appraisal district, not an appraisal review board. Tex. Tax Code § 42.21(b).

The trial court denied the District's plea to the jurisdiction without stating its reasons.

The District timely appealed.

## Issues Presented

The District asserts that the trial court erred in denying the jurisdictional plea for three reasons. First, the District says the trial court lacks subject-matter jurisdiction to review McGee Chapel's Exemption Protest because McGee Chapel

failed to obtain a final ARB order denying the protest and thus failed to exhaust administrative remedies as to that issue.

Second, the District insists that the only final, appealable order at issue in this judicial review proceeding is the ARB's rejection of McGee Chapel's Section 41.411 Protest that McGee Chapel did not receive notice of the Exemption Protest Hearing. Although McGee Chapel undisputedly requested judicial review of that determination, the District says the ARB is the only proper defendant, citing Tax Code section 41.45(f). According to the District, McGee Chapel's non-suit of its claims against the ARB deprived the trial court of subject-matter jurisdiction.

Third, though the order denying the plea to the jurisdiction articulates no specific rationale for the court's ruling, the District argues that subject-matter jurisdiction may not permissibly rest on Tax Code section 42.01(b)—one of the statutory grounds McGee Chapel cited in the trial court—because that section applies only when the ARB denies a taxpayer's protest because the taxpayer did not comply with prepayment requirements, which did not occur here.

**Standard of Review**

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Such a plea challenges the trial court's jurisdiction over the subject matter of a pleaded claim. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We review de novo a trial court's ruling on a plea to the jurisdiction. *Id.* at 228; *Woodway Drive, L.L.C. v. Harris Cty. Appraisal Dist.*, 311 S.W.3d 649, 651 (Tex. App.—Houston [14th Dist.] 2010, no pet.). A defendant may prevail on a plea to the jurisdiction by demonstrating that, even if all the plaintiff's pleaded allegations are true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the

6

trial court of subject-matter jurisdiction. *Harris Cty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 416 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In determining a plea to the jurisdiction, a trial court may consider the pleadings and any evidence pertinent to the jurisdictional inquiry. *Bland ISD*, 34 S.W.3d at 554-55.

### Protest and Exhaustion of Administrative Remedies under the Tax Code

Texas state district courts are courts of general jurisdiction and have jurisdiction over all actions, proceedings, and remedies "except in cases where exclusive, appellate, or original jurisdiction may be conferred by [the Texas] Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex. 2004). The Tax Code is such a pervasive regulatory scheme evidencing a legislative intent to vest appraisal review boards with exclusive jurisdiction in certain property tax matters. *See Vitrol, Inc. v. Harris Cty. Appraisal Dist.*, 529 S.W.3d 159, 166 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Under chapter 41, property owners are entitled to administratively protest certain actions to the ARB. *See* Tex. Tax Code § 41.41(a); *Vitrol, Inc.*, 529 S.W.3d at 166. McGee Chapel filed two protests, both of which were allowed under chapter 41: (1) the Exemption Protest in which McGee Chapel challenged the District's decision to remove the Property's tax exemption for tax years 2012-2016;[4] and (2)

---

[4] *See* Tex. Tax Code § 41.41(a)(4), (9). Section 41.41(a)(4) allows a property owner to protest the "denial . . . in whole or in part of a partial exemption." *Id*. § 41.41(a)(4). Subsection (a)(9) authorizes a general protest of "any other action of the chief appraiser [or] appraisal district . . . that applies to and adversely affects the property owner." *Id*. § 41.41(a)(9).

the Section 41.411 Protest in which McGee Chapel challenged the ARB's alleged failure to deliver notice of the hearing on the first protest.[5] The ARB scheduled and held hearings on both protests, as required. *See* Tex. Tax Code § 41.45. McGee Chapel did not attend the hearing on the first protest but attended the hearing on the second. The sole purpose of a section 41.411 protest is to determine whether a property owner did not receive notice, thereby depriving the property owner of the right to be heard at the administrative level. *Vitrol, Inc.*, 529 S.W.3d at 166. If the property owner has complied with filing and payment requirements, then the ARB determines at the hearing whether the property owner was provided the required notice and, if not, the ARB determines the property owner's protest on its merits. *See* Tex. Tax Code §§ 41.411(b)-(c), 41.44(c).

Property owners may not pursue judicial relief regarding a tax protest until they have exhausted administrative remedies. *See Harris Cty. Appraisal Dist. v. ETC Mktg., Ltd.*, 399 S.W.3d 364, 367 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Once a property owner obtains an ARB order determining the owner's protest—including, as here, a protest under chapter 41—the property owner may file a petition for review in district court against the appraisal district challenging the ARB's order. Tex. Tax Code §§ 42.01(a)(1)(A), 42.21; *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam); *Appraisal Review Bd. of Harris Cty. Appraisal Dist. v. Spencer Square Ltd.*, 252 S.W.3d 842, 844 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Review in the district court is de novo. Tex. Tax Code § 42.23(a).

---

[5] *See* Tex. Tax Code § 41.411(a) ("A property owner is entitled to protest before the appraisal review board the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled.")

## Analysis

**A.  The trial court has subject-matter jurisdiction over whether the ARB erred in denying McGee Chapel's Section 41.411 Protest**.

The parties agree, and the record shows, that of McGee Chapel's two protests, the ARB issued an order determining only the second one, the Section 41.411 Protest.  McGee Chapel challenged that order in its trial court petition.  We begin by considering the District's argument in its second issue that the trial court lacks subject-matter jurisdiction to review the ARB's order rejecting the Section 41.411 Protest.

The crux of the District's argument is that only the ARB is a proper defendant to this action, and the trial court lost jurisdiction when McGee Chapel non-suited the ARB.  The District's argument rests on section 41.45(f).  Entitled "Hearing on Protest," section 41.45 describes a property owner's right to a hearing on a protest and the procedures applicable to such a hearing.  The part on which the District relies states:

> A property owner *who has been denied a hearing to which the property owner is entitled* under [Chapter 41] may bring suit against the *appraisal review board* by filing a petition or application in district court to compel the board to provide the hearing. If the property owner is entitled to the hearing, the court shall order the hearing to be held and may award court costs and reasonable attorney fees to the property owner.

Tex. Tax Code § 41.45(f) (emphasis added).  Highlighting the emphasized text above, the District argues that the ARB must be, but is not, a party to this action, and therefore the trial court should have granted the jurisdictional plea.  As the District reads section 41.45(f), McGee was "denied the hearing" on its Exemption Protest because the ARB found that notice of the Exemption Protest Hearing was delivered

9

to McGee Chapel, and thus the ARB did not reach the merits of the Exemption Protest.

We disagree with the District's interpretation of section 41.45(f). This section grants jurisdiction to district courts to compel appraisal review boards to provide the hearing required by section 41.45(a) upon the property owner's filing of a notice of protest, if the appraisal review board, in fact, denies the property owner a hearing. *See Pleasant Hill Cmty. Dev. Corp. v. Appraisal Review Bd. of Harris Cty.*, No. 14-13-01101-CV, 2015 WL 2342588, at *4 (Tex. App.—Houston [14th Dist.] May 14, 2015, pet. denied) (mem. op.); *Spencer Square Ltd.*, 252 S.W.3d at 845. Here, however, it is undisputed that the ARB scheduled the required hearing on both of McGee Chapel's protests. McGee Chapel did not attend the first hearing because, it claimed, the ARB failed to provide notice. Had the ARB refused to schedule a hearing on either of McGee Chapel's protests, McGee Chapel could have petitioned the trial court to compel the ARB to conduct a hearing under section 41.45(f). The ARB did not reach the merits of McGee Chapel's Exemption Protest only because it found that McGee Chapel received notice of but did not attend the Exemption Protest Hearing, not because the ARB refused to grant a hearing in the first instance. Thus, section 41.45(f) does not apply. *See Hotel Corp. Int'l v. Harris Cty. Appraisal Dist.*, No. 14-09-00006-CV, 2010 WL 2195461, at *3 (Tex. App.—Houston [14th Dist.] June 3, 2010, no pet.) (mem. op.) (stating that section 41.45(f) did not apply because ARB scheduled hearing after notice of protest filed; property owner failed to appear).

We conclude that the trial court has subject-matter jurisdiction over McGee Chapel's suit to review the denial of its Section 41.411 Protest under section 42.01(a)(1)(A). That section permits appeal of an ARB order determining a property owner's protest under Chapter 41, subchapter C, which includes a section 41.411

10

protest. *See* Tex. Tax Code § 42.01(a)(1)(A); *see also Denton Cent. Appraisal Dist. v. CIT Leasing Corp.*, 115 S.W.3d 261, 266 (Tex. App.—Fort Worth 2003, pet. denied). McGee Chapel is appealing the denial of its Section 41.411 Protest, on which it received both a hearing and a ruling. Thus, the trial court has subject-matter jurisdiction over that part of McGee Chapel's lawsuit. *See CIT Leasing Corp.*, 115 S.W.3d at 266 (explaining that, if a property owner is unsuccessful in a section 41.411 protest, it is entitled to appeal the ARB's order to the district court, citing Tex. Tax Code § 42.01(a)(A)). In such a proceeding, moreover, the code requires that the District—not the ARB—be named as the defendant. *See* Tex. Tax Code § 42.21(b). Accordingly, McGee Chapel's non-suit of its claims against the ARB did not deprive the trial court of subject-matter jurisdiction over McGee Chapel's Section 41.411 Protest appeal.

McGee Chapel also cited section 42.01(b) in support of its jurisdictional arguments, which forms the basis of the District's third issue. The District argues that, to the extent the trial court denied the jurisdictional plea because it found that section 42.01(b) confers jurisdiction, the court erred because that section does not apply.[6] The trial court did not cite section 42.01(b) in support of its order denying

---

[6] Section 42.01(b) provides:

A property owner who establishes that the owner did not forfeit the right to a final determination of a motion or of a protest in an appeal under Subsection (a)(1)(C) is entitled to a final determination of the court, as applicable:

(1) of the motion filed under section 25.25; or

(2) of the protest under Section 41.411 of the failure of the chief appraiser or appraisal review board to provide or deliver a notice to which the property owner is entitled, and, if failure to provide or deliver the notice is established, of a protest made by the property owner on any other grounds of protest authorized by this title relating to the property to which the notice applies.

Tex. Tax Code § 42.01(b).

the plea or otherwise find that section applicable. In any event, we need not address whether subject-matter jurisdiction exists under section 42.01(b). Because the trial court properly could have determined that section 42.01(a)(1)(A) conferred subject-matter jurisdiction over McGee Chapel's petition to review the ARB's denial of its Section 41.411 Protest, it is irrelevant whether jurisdiction also exists under another section of the Tax Code. *See, e.g.*, *11500 Space Ctr., LLC v. Private Capital Grp., Inc.*, 577 S.W.3d 322, 336 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (declining to address appellant's argument because resolution would not change outcome of appeal, citing Tex. R. App. P. 47.1). Assuming the District is correct that section 42.01(b) does not apply, that conclusion would not compel a reversal of the trial court's order denying the jurisdictional plea.

We overrule the District's second and third issues.

**B.      The trial court lacks subject-matter jurisdiction over McGee Chapel's Exemption Protest.**

McGee Chapel's claims in this lawsuit also include a request to review its Exemption Protest and to reinstate its property tax exemption for the 2012-2016 tax years. In its plea to the jurisdiction, the District challenged the trial court's subject-matter jurisdiction over that part of the lawsuit as well. On appeal, the District argues in its first issue that the trial court erroneously denied the jurisdictional plea on McGee's claim to review the merits of the Exemption Protest because McGee Chapel has not exhausted its administrative remedies by obtaining a final order on that issue.

In the trial court, McGee Chapel conceded that the ARB never issued a final order on its Exemption Protest. The record confirms it. The ARB has not taken action on the merits of the exemption because McGee Chapel did not appear at the Exemption Protest Hearing and the ARB denied McGee Chapel's Section 41.411

12

Protest without reaching the exemption issue. Because the ARB has yet to determine McGee Chapel's Exemption Protest, McGee Chapel has not exhausted its administrative remedies, and the issue is not ripe for judicial review under chapter 42 as to tax years 2012-2016. *See, e.g., Z Bar A Ranch, LP v. Tax Appraisal Dist. of Bell Cty.*, No. 03-18-00517-CV, 2020 WL 1932908, at *5-7 (Tex. App.—Austin Apr. 22, 2020, no pet. h.) (mem. op.) (party may not obtain district court review of issue that ARB has not considered in the first instance); *ETC Mktg, Ltd.*, 399 S.W.3d at 367 (explaining that Tax Code provides procedures for adjudicating a challenge to an appraisal on the ground that the property is exempt from ad valorem taxation by federal law and that these procedures are "exclusive"); *Midland Cent. Appraisal Dist. v. Plains Mktg., L.P.*, 202 S.W.3d 469, 475 (Tex. App.—Eastland 2006, pet. denied) (when claim "was presented to, debated before, and denied by the [ARB]," then the plaintiff "exhausted its administrative remedies"); *see also Spencer Square Ltd.*, 252 S.W.3d at 844. If McGee Chapel prevails in the trial court on its Section 41.411 Protest claim that the ARB failed to deliver notice of the Exemption Protest Hearing, then the ARB will reach the merits of the claimed exemption on remand. Tex. Tax Code § 41.411(b) ("the appraisal review board *shall determine* a protest made by the property owner on any other grounds of protest authorized by this title relating to the property to which the notice applies" (emphasis added)).

Our record reflects that, during the pendency of this appeal, McGee Chapel received another property tax assessment on the Property for the 2019 tax year. McGee Chapel filed a notice of protest of the 2019 assessment (the "2019 Protest"). The ARB denied the protest and ordered that the appraisal or market value of the subject property was not excessive and the appraisal records should not be changed. McGee Chapel then amended its petition in the present action to request judicial review of the ARB's determination on McGee Chapel's 2019 Protest. *See* Tex. Tax

Code § 42.21(c) ("If an appeal under this chapter is pending when the appraisal review board issues an order in a subsequent year under a protest by the same property owner and that protest relates to the same property that is involved in the pending appeal, the property owner may appeal the subsequent appraisal review board order by amending the original petition for the pending appeal to include the grounds for appealing the subsequent order.").

In its appellate brief, McGee Chapel argues that even if the trial court lacked subject-matter jurisdiction to review both of its protests for the 2012-2016 tax years, we still should affirm the trial court's order denying the District's jurisdictional plea because the trial court has jurisdiction over McGee Chapel's request for judicial review of the ARB's ruling on the 2019 Protest. McGee Chapel filed the 2019 Protest after the trial court denied the District's jurisdictional plea. McGee Chapel did not amend its petition to request judicial review of the ARB's ruling on the 2019 Protest until after the District had appealed the denial of its jurisdictional plea. Neither in its plea in the trial court nor on appeal has the District asserted that the trial court lacks jurisdiction over the part of the amended petition that challenges the ARB's ruling on the 2019 Protest or that the trial court's jurisdiction over this part of the amended petition affects the trial court's jurisdiction over the other claims before the trial court. On appeal, the District assigns error only as to the trial court's denial of its jurisdictional plea. The District does not assert that the trial court lacks jurisdiction over the part of the amended petition that challenges the ARB's ruling on the 2019 Protest. In this context, the issue of whether the trial court has jurisdiction over this part of the amended petition is not before this court, and we express no opinion on the trial court's jurisdiction over this part of the amended petition.

We sustain the District's first issue and hold that the trial court lacks subject-matter jurisdiction over the part of McGee Chapel's lawsuit seeking judicial review of McGee Chapel's Exemption Protest because McGee Chapel has not exhausted administrative remedies as to that protest. Accordingly, the trial court erred in denying the District's jurisdictional plea in that respect.

## Conclusion

Having concluded that the trial court does not have subject-matter jurisdiction over the part of McGee Chapel's lawsuit seeking judicial review of the Exemption Protest, we reverse the trial court's order denying the District's plea to the jurisdiction on that claim and remand to the trial court with instructions to dismiss that claim for lack of jurisdiction. We affirm the trial court's order denying the District's jurisdictional plea concerning the part of McGee Chapel's lawsuit seeking judicial review of the ARB's order denying the Section 41.411 Protest.

We remand the case to the trial court for further proceedings consistent with this opinion.

/s/    Kevin Jewell
Justice

Panel consists of Chief Justice Frost and Justices Jewell and Spain (Spain, J., concurring).

15